288 P.2d 775

**Fred D. EVANS, Appellant,**

v.

**Irene S. EVANS, Appellee.**

**No. 5942.**

Supreme Court of Arizona.

Oct. 18, 1955.

Flynn, Van Haren & Stewart, Phoenix, for appellant.

Jack C. Cavness, Phoenix, for appellee.

WINDES, Justice.

Irene S. Evans sued her husband, Fred D. Evans, for divorce. The court made findings of fact and conclusions of law and rendered judgment granting plaintiff a divorce and making disposition of what the court found to be community property. Defendant appeals solely from that portion of the judgment determining the community property and making a disposition thereof.

There is evidence to support the following: The parties were married in September, 1949. At the time of the marriage the defendant owned an undivided one-half interest in a business known as San Carlos French Cafe and Cocktail Lounge. On June 30, 1950, approximately nine months after the marriage, defendant purchased the other one-half interest in the business for the sum of $45,000, the purchase price being paid in the following manner: $10,000 from the existing partnership fund; a $5,000 note to one of the partners who sold to defendant; and $30,000 borrowed from a bank on a note and chattel mortgage executed by the plaintiff and the defendant. Both of the notes were paid off from the profits of the business. Subsequent to the marriage there was purchased a residence which they partly paid for, household furniture, a Buick automobile, a Studebaker automobile and a lot at Pinetop, Arizona.

The court found as a fact that the marital community had contributed seven-eighths of the purchase price of the one-half interest in the San Carlos business. In making distribution of the property, the Buick was awarded to the plaintiff; the San Carlos business and other items of property were awarded to the defendant; the defendant was required to pay certain community debts and was required to pay the plaintiff $12,150 in settlement of her rights in the community property. This latter item, of course, must be construed as requiring the payment in satisfaction of her rights in the property awarded to the defendant.

Defendant appeals and while submitting four assignments of error, his entire argument is leveled at the action of the trial court in finding that the community had contributed seven-eighths of the price of the one-half interest in the San Carlos business and requiring defendant to pay the plaintiff $12,150 for her interest in the property awarded to the defendant.

It is difficult from the record to determine with exactitude how the court arrived at

the seven-eighths contribution by the community to the purchase price and the $12,150 which it required defendant to pay plaintiff for her interest in the community except that the court apparently considered that the $5,000 note and the $30,000 note which were retired with profits from the operation of the business were paid with community funds. Such is the complaint made by the defendant and the only matter argued in his brief. Undoubtedly, a one-half interest in the business was defendant's separate property. It is the one-half interest purchased after marriage with which we are concerned.

It appears that, prior to the purchase, the defendant was receiving a salary of $600 per month to manage the entire business. There was evidence that this was a reasonable amount to pay a manager of the business. After defendant purchased the business he did not continue to pay himself a fixed salary. His practice was to draw from time to time various amounts from the business funds for personal and family use but not a fixed amount each month. The parties maintained a joint checking account separate from the business account for household and other family expenses. The defendant drew from the business account and deposited in the joint account. These deposits varied in amounts. The last half of 1950 the aggregate was approximately $6,000; for the year 1952, in excess of $17,000; and for the first half of 1953, in excess of $11,000. In addition to these deposits to the joint account, the defendant drew funds from the business account to make payments on the home, cars and other family expenses.

Defendant argues that since admittedly the two notes aggregating $35,000 were retired from the profits of the business and since it was established that he had theretofore received a salary of $600 per month and that amount was a reasonable compensation for his services in the capacity of manager after purchase, the court cannot as a matter of law treat the entire $35,000 as community income. Property acquired subsequent to marriage, except through gift, devise or descent, is presumed to be community property, and one asserting it to be separate must prove such fact by clear and satisfactory evidence. Rundle v. Winters, 38 Ariz. 239, 298 P. 929. When a business is purchased with separate funds, the profits derived therefrom during coverture are community if the result of the personal labor and efforts of either spouse and separate property if the result of the inherent character of the business. When such profits are derived from the operation of a separate business, the parties may provide a method of determining what amount shall be attributed to personal effort and therefore community income and what shall be attributed to the business and separate income. Lincoln Fire Ins. Co. of New York v. Barnes, 53 Ariz. 264, 88 P.2d 533; Rundle v. Winters, supra; Lawson v. Ridgeway, 72 Ariz. 253, 233 P.2d 459, 29 A.L.R.2d 518. If community and separate

funds are mixed to the extent segregation is impracticable, the whole will be considered community funds. In re Torrey's Estate, 54 Ariz. 369, 95 P.2d 990. In the absence of evidence which clearly indicates how such income emanating from these joint sources shall be divided, the entire profits will be considered community income. In re Torrey's Estate, supra.

 From the facts heretofore related the court was justified in ruling that the defendant did not prove by clear and satisfactory evidence what portion, if any, of the profits used to retire the notes was attributable to the business and therefore separate property. The trial court was furnished no intelligent guide which would enable it to separate these profits. Defendant asks us to rule that the court was compelled to allow only $600 per month as the proportion of the profits attributable to defendant's services as manager and peg this amount as community and the balance as attributable to the business. We cannot adopt such an arbitrary rule. The salary of a manager cannot ipso facto measure the income caused by his services. Experience teaches us that the manager of a business by his efforts is supposed to produce more than merely his salary. If there were profits from this business independent of that produced by the defendant's efforts they were so mixed that no intelligent segregation can be made. The law furnishes no rule that will unscramble and separate such income. The court can-

not be required to guess what is the proper division.

Judgment affirmed.

LA PRADE, C. J., and UDALL and PHELPS, JJ., concur.

STRUCKMEYER, J., having served as trial judge when this case was heard in the lower court, did not participate in the determination of this appeal.