**312 P.2d 148**

Eugene A. STAUSS, Appellant,

v.

Lillie STAUSS, Appellee.

No. 6194.

Supreme Court of Arizona.

June 4, 1957.

Moore & Moore, of Phoenix, for appellant.

Herbert Mallamo, of Phoenix, for appellee.

UDALL, Chief Justice.

Lillie Stauss, plaintiff-appellee, was granted an absolute decree of divorce from

defendant-appellant Eugene A. Stauss. There was no issue of the marriage. Incorporated within the decree was a division of the community property together with an allowance of attorney's fees to the wife. The husband has appealed only from the latter portions of the decree. He asserts that the trial court abused its discretion, both in the division of property and in the allowance of attorney's fees in the aggregate sum of $600, which he claims is excessive. For the sake of clarity we shall refer to the parties either as plaintiff and defendant or as husband and wife.

The parties were married July 26, 1952, and lived together—with some brief interruptions—for approximately fifteen months. The wife, in October 1953 instituted the action for divorce; defendant answered the complaint and also counterclaimed for a divorce. A month later the court gave the husband possession of the home and awarded the wife an attorney's fee of $250, and $150 per month for her support, pendente lite. This allowance continued for a period of sixteen months as judgment was not rendered until June 1955. Throughout the marital period the wife was employed as a teacher at a salary ranging from $4,000 to $4,300 per annum There was such a commingling of commu nity and separate funds of the parties dur ing this period that it was impossible for the court, with the imperfect records kept, to ascertain with accuracy just what disposition was made of such income.

During this marriage the parties acquired the following property: a home located at 6032 North 18th Street in Phoenix, title to which was taken in the names of both spouses; a 1953 Plymouth automobile and a 1953 Chrysler automobile; and certain household furnishings. During coverture defendant paid to a former wife approximately $7,900 for her interest in the business they had owned, known as the "Phoenix Generator Exchange". He continued to operate this as manager at all times during this marriage.

The lower court awarded the wife the following: all furniture presently in her possession, the Plymouth automobile, and $2,000 "as and for her share of the community interest in the business operated by the defendant". The husband was awarded all the furniture and fixtures within and upon the premises at 6032 North 18th Street, the 1953 Chrysler, and the generator business as his separate property. The latter was impressed with a lien in favor of plaintiff for $2,000. The Eighteenth Street property was awarded to plaintiff and defendant as tenants in common. An additional attorney's fee of $350 for services rendered plaintiff was assessed against defendant.

Defendant urges substantially the following assignments of error: (1) the home should not have been awarded to the parties as tenants in common for the reason that the "down payment" of its pur-

chase price was made from the husband's separate funds, but if the court were correct, it erred in failing to credit the husband for such contribution of his separate property; (2) the award of $2,000 to plaintiff as her share of the community interest in the generator business was erroneous because the evidence discloses it to be defendant's separate property and there was no appreciation in its value during marriage; (3) if the community had an interest in the business, the court erred in failing to credit defendant for contributions of separate property to community property; (4) the division of community property failed to take into consideration the receipt by plaintiff of $2,400 as "temporary support" while the action was pending; (5) the attorney's fees assessed against defendant are excessive in view of the legal services rendered and, furthermore, plaintiff was able to pay at least part of her attorney's fees.

■ We shall first consider the assignments concerning the division of the property. Defendant concedes that the home was taken as community property, but asserts it would not have been inequitable to award the property to him since the value of the parties' "equity" in the realty amounted to slightly more than the amount of the "down payment" made from defendant's separate funds. Such contention is, of course, immaterial; there is nothing to indicate it was inequitable to award the property as was done by the lower court. The record in its entirety indicates that the judgment rendered by the trial court may have given defendant credit for the contribution of his separate funds. Cf., Blaine v. Blaine, 63 Ariz. 100, 111, 159 P.2d 786. This assignment is entirely without merit.

■ The business which is the subject of assignment number (2) was acquired during a prior marriage. When defendant divorced his former wife, he agreed to pay her $10,000 for her interest in that business under a property settlement approved by the court. It would appear, then, that defendant owned the business as his separate property. However, after his marriage to plaintiff, defendant paid the former spouse approximately $7,900 of the purchase price. This sum was paid from income derived from the business, and no intelligent guide was furnished the lower court to segregate this income, i. e., the portion due to the inherent nature of the business and that due to defendant's personal efforts. Therefore, all the income must be considered community funds. See, Evans v. Evans, 79 Ariz. 284, 287, 288 P.2d 775. The trial court evidently concluded that part of this business was community property since community funds were used to pay the former wife for her interest therein, but such conclusion was erroneous because the character of the property became separate when acquired

and it thereafter retained such character. However, the community was entitled to reimbursement of such funds, and the trial court properly impressed a lien on the business in favor of the wife in the sum of $2,000 as her share of the amount to which the community was entitled. See Lawson v. Ridgeway, 72 Ariz. 253, 261, 233 P.2d 459, 29 A.L.R.2d 518. It appearing the ultimate result is both just and right, we find no abuse of discretion.

Assignments of error (3) and (4) raise the question of an abuse of discretion by the lower court. It is unnecessary that we extensively treat this question for the record before us discloses no such abuse of discretion as would require reversal of the judgment. The applicable law has been adequately stated very recently in Reed v. Reed, 82 Ariz. 168, 309 P.2d 790, and we have nothing new to add to the principles there announced.

Turning to the last assignment of error, relative to counsel fees, it is worthy of note that the court assessed $250 of the total attorney's fee in 1953 at a time when the wife was wholly without funds and made an additional allowance of $350 in 1955. Allowance of such fees is a discretionary power given the court by A.R.S. § 25–315. We perceive no abuse of discretion in this matter as would warrant a reversal of the judgment of the lower court.

Having carefully examined the entire record submitted on this appeal, we find the lower court conscientiously and fairly discharged its duty on all matters presented to it for determination.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.