## DOUGLAS L. JOHNSON, APPELLANT, v. SHARON JOHNSON, RESPONDENT.

No. 7078

June 6, 1973                                    510 P.2d 625

Bissett & Logar, of Reno, for Appellant.

*Echeverria & Osborne, Chartered,* and *Lew W. Carnahan,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Before his marriage appellant acquired two franchised A & W drive-in restaurants. He incorporated his business in June of 1965, forming Doug Johnson, Inc., to which were transferred all the assets relating to the A & W drive-ins.

Thereafter, on September 9, 1965, appellant and respondent were married. Subsequent to the marriage Doug Johnson, Inc., obtained two more drive-ins. This was done largely with the cash flow from the previously acquired property. Between the date of the marriage and the date of the divorce the value of the business enterprises increased substantially. The problems raised in this appeal are threefold: First, whether the trial court erred in its determination of the amount of the increase in value; second, whether that increase in value should have been apportioned between community property and appellant's separate property; and third, if so, did the trial court err in the manner in which it made the allocation.

1.  It is the exclusive province of the court, sitting without a jury, to determine facts on conflicting evidence and its findings, if supported by substantial evidence should not be disturbed on appeal. Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950). We have reviewed the record and find the trial court's determination regarding the amount of the increase in value of the business during the marriage is supported by substantial evidence.

2.  The long-standing rule of Lake v. Bender, 18 Nev. 361, 4 P. 711 (1894), is that if profits from separate property come mainly from the property itself rather than from the joint efforts of the husband or wife or either of them, they belong to the owner of the separate property although the labor and skill of one or both may have been given to the business. If profits, however, come mainly from the efforts or skill of one or both spouses, they belong to the community.

We now depart from the all-or-nothing approach of Lake v. Bender, supra, and announce the rule that the increase in the value of separate property during marriage should be apportioned between the separate property of the owner and the community property of the spouses. Profit or increase in value of property may result either from the capital investment itself, or from the labor, skill and industry of one or both spouses or from both the investment of separate property and the labor and skill of the parties. Where both factors contribute to the increase in value of a business, that increase should be apportioned between separate and community property. The rule we announce today is necessary in order to prevent the inherent injustice of denying the owner of separate property a reasonable return on the investment merely because the

increase in value results "mainly" from the labor, skill or industry of one or both spouses.

3. Appellant believes the trial court erred in its method of making the apportionment between separate and community property. There are two basic approaches to the problem of apportionment.

The first approach is to allocate to separate property a reasonable rate of return on the original capital investment. Any increase above the amount arrived at in this fashion is to be allocated to community property. Pereira v. Pereira, 103 P. 488 (Cal. 1909).

The second approach is to deduct from the total income or increase in value, the amount of reasonable compensation received by the owner of the property for his services rendered. That amount is said to have represented the community interest. The balance is all allocated to separate property. Van Camp v. Van Camp, 199 P. 885 (Cal.App. 1921).

Both approaches have vitality and may be applied as circumstances warrant. Courts of this state are not bound by either the *Pereira* or the *Van Camp* approach, but may select whichever will achieve substantial justice between the parties. Beam v. Bank of America, 490 P.2d 257 (Cal. 1971).

Having reviewed the record we find that the application by the trial court of the *Pereira* formula was not in the circumstances of this case inherently unfair nor did it contravene substantial justice.

In its determination of the amount of the increase in value of the business during the marriage and in making the allocation of that amount between separate and community property as he did, the trial judge was well within his discretion.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.