564 P.2d 919

**Geraldine PERCY, Appellant,**

v.

**Ray PERCY, Appellee.**

**No. 2 CA–CIV 2262.**

Court of Appeals of Arizona, Division 2.

Feb. 22, 1977.

Rehearing Denied March 30, 1977.

Review Denied April 26, 1977.

Marvin Johnson, P.C. by Philip C. Gerard, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl, P.A. by Daniel Cracchiolo and Jerry L. Cochran, Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

The dispute in this case is whether the trial court erred in finding that certain corporate stock owned by the appellee had not appreciated in value at the time of the divorce.

The parties were married in June 1961. At the time, appellee owned 42% of the outstanding capital stock of an irrigation company, Pinal Ditching Company, Inc. Appellee still owns the same stock.

According to his wife the company was primarily successful because appellee spent so much time working at it. Mr. Murray, the company's accountant, testified the success of the company was due to the efforts of appellee and its other two stockholders. He also testified that in his opinion the market value of the stock of the corporation did not increase between 1961 and the date of trial. His opinion was based on the fact that the value of the corporation depended mainly upon the efforts of the three stockholders and that the fixed assets of the corporation had depreciated greatly in value. He stated that this was his opinion in spite of the fact that the "book value" of the corporation had increased by $67,000 during the period in question.

It is appellant's position that Mr. Murray's opinion is of no value since the book value is the only basis for determining the appreciation, if any, in the capital stock.

The record shows that the book value of appellee's share of the stock in the corporation was $15,483.30 in 1961 and $41,022.91 on September 30, 1974, an increase of $25,-539.61.[1]

The valuation of the shares of stock in a close corporation always presents difficulties. The rule in Arizona is that the "book value" of stock in a close corporation is prima facie evidence of its value. *American Surety Company of New York v. Nash*, 95 Ariz. 271, 389 P.2d 266 (1964). "Book value" is the declaration of the corporation as to the value of its property. *In re Frank's Estate*, 123 Or. 286, 261 P. 893 (1927). The problem of the valuation of stock in a closely held corporation is noted in *Frank*, supra:

"Perhaps there is no method of computation which the human mind could devise that would prove entirely satisfactory in ascertaining the value of stock closely held in a corporation of this kind. The law is satisfied by selecting that method which most nearly approximates market value. It is easy to conceive of corporations, the book value of whose stock is either far above or below the price it would bring if sold for cash upon the open market under normal conditions. Likewise there are certain holding companies which have no earnings, and yet their stock represents great value. It would be utterly absurd to assess stock in a corporation whose chief asset was its timber holdings on the basis of earnings. In such case there might be no earnings,

---

1. Annual reports filed with the Arizona Corporation Commission showed paid-in capital plus surplus totaling $36,865 in 1961 and $97,673.60 in 1974.

yet it could not reasonably be contended that the stock had no value. It is apparent, therefore, that, in determining the actual value of stock in a close corporation, book value, earnings, dividends, good will of the business, future prospective profits, and any other fact or circumstance which would influence a person ready, able, and willing to buy such stock should be taken into consideration. Resort should be made to all business tests and measures.

\*   \*   \*   \*   \*   \*

"A method of computation which would lead to inequitable or unjust results should be rejected. It is not advisable to lay down a hard and fast rule which should be followed in estimating the value of stock in a close corporation. Any method used must stand the test of reason. After all, courts should be more concerned with results than methods. In recent years the tendency is toward a consideration of all factors, such as (1) asset value, (2) selling price, (3) earning capacity, and the result obtained is the effect of compromise. [citation omitted] It may, however, be stated with some degree of certainty that the value of stock in close corporations may be best determined for inheritance tax purposes by using its book value as a basis, unless there is evidence disclosing that such would lead to unreasonable or inequitable results.[2]

\*   \*   \*   \*   \*   \*"

■■ It is clear from reading the testimony of the accountant that he based his opinion solely on the market value of the assets of the corporation. This was erroneous. Although the market value of the assets of a close or family holding corporation is one of the factors to be considered in appraising the value of its capital stock, appraised value cannot replace the going concern value of the corporation in the case of an active business. It is more apt to be an appropriate factor in liquidating a corporation. *Whitman v. Whitman*, 34 Wis.2d 341, 149 N.W.2d 529 (1967);[3] *Epstein v. Celotex Corporation*, 43 Del.Ch. 504, 238 A.2d 843 (1968); Vol. 9 Fletcher Cyclopedia of the Law of Private Corporations (1976 revised volume) § 4657 p. 634.

We conclude that the trial court erred when it found that appellee's 42 shares of stock in Pinal Ditching did not appreciate in value from the period 1961 to September 30, 1974.

■ Since appellee's capital stock was his separate property, A.R.S. § 25–213 creates a presumption that any increase in the value of the stock was also his separate property. In order to show that this increase in value was community property, the burden of proof was upon appellant to prove the increase was due to the labor and efforts of the appellee and not due to the inherent qualities of the business itself. *Everson v. Everson*, 24 Ariz.App. 239, 537 P.2d 624 (1975). The evidence discloses that the increase in the value of the capital stock was due to the individual toils of all three shareholders, but there was no evidence as to what percentage of the increase in value was attributable to each shareholder. In the absence of any evidence to the contrary we believe that it can be presumed that each shareholder contributed equally to the increase in value. Thus one-third of the increase in the value of appellee's capital stock, or the sum of $8,513.20, was due to his individual toil. Dividing this sum in half, appellant should have been awarded the additional sum of $4,256.60.

It is therefore ordered that paragraph 2 of the amended decree of dissolution of marriage is amended by increasing the amount due and owing the appellant to the total sum of $83,123.78 and the decree is affirmed as amended.

HATHAWAY and RICHMOND, JJ., concur.

---

**2.** Although the *Frank* case deals with valuation for inheritance tax purposes, the inquiry in *Frank* was the same as here, to-wit: what is the market value of appellee's stock.

**3.** In *Whitman* the court held book value to be appropriate since the corporation involved was a closely held holding corporation.