601 P.2d 1334

**In re the Marriage of Robert E. COCKRILL, Sr., Appellant,**

v.

**Rose COCKRILL, Appellee.**

**No. 13934.**

Supreme Court of Arizona, In Banc.

Oct. 2, 1979.

Dushoff & Sacks by Jay Dushoff, Lawrence J. Rosenfeld, Phoenix, for appellant.

Sheldon M. Mitchell, Phoenix, for appellee.

GORDON, Justice:

Robert E. Cockrill, Sr., and Rose Cockrill were divorced on April 5, 1977. Robert Cockrill appeals from the trial court's finding that the increase in value of his separate property, during the marriage, was community property. Taking jurisdiction pursuant to 17A A.R.S., Arizona Rules of Civil Appellate Procedure, Rule 19(e), we reverse the judgment of the Superior Court.

Appellant Robert Cockrill and Rose Cockrill, appellee, were married on June 15, 1974. At the time of the marriage, appellant owned, as his separate property, a farming operation known as Cockrill Farms. There seems to be no dispute that the net worth increase of the farm, during the two year and ten month marriage, after some credits, was $79,000. The trial court found that this increase was attributable primarily to the efforts of Mr. Cockrill and was, therefore, community property. Appellant contends that the net worth increase was primarily due to the inherent nature of his separate property, the farm, and was, therefore, also his separate property.

■ The profits of separate property are either community or separate in accordance with whether they are the result of the individual toil and application of a spouse or the inherent qualities of the business itself. *E. g., Rundle v. Winters*, 38 Ariz. 239, 298 P. 929 (1931); *Nelson v. Nelson*, 114 Ariz. 369, 560 P.2d 1276 (App.1977). It is unclear, however, where the burden of proof lies in this type of situation. That is to say, using the facts of this case as an illustration, is the burden upon Mr. Cockrill to prove that the increase in value of his separate property is due to the inherent nature of the property, or is the burden upon Mrs. Cockrill to show that the increase in value of her husband's separate property is, in reality, the result of his work efforts during the marriage?

■ Several presumptions fundamental to Arizona community property law come into conflict when one spouse brings separate property into a marriage, and one or both of the spouses work to improve the property during the marriage. Property acquired by either spouse during marriage is presumed to be community property, and the spouse seeking to overcome the presumption has the burden of establishing the separate character of the property by clear and convincing evidence. *E. g., Armer v. Armer*, 105 Ariz. 284, 463 P.2d 818 (1970). Moreover, there is a strong presumption, rebuttable only by clear and convincing evidence, that all earnings during coverture are community in nature. *E. g., Barr v. Petzhold*, 77 Ariz. 399, 273 P.2d 161 (1954).

On the other hand, relying on the language of A.R.S. § 25–213, the Court of Appeals, Division Two, held in *Percy v. Percy*, 115 Ariz. 230, 564 P.2d 919 (App. 1977), that where separately owned property has increased in value there is a presumption that the increase is also separately owned. *Percy* places a burden upon the spouse who contends that the increase is community property to prove that the increase in value of separate property is due to the labor and efforts of the community and is not the product of the inherent qualities of the separate property. Prior Arizona case law, however, placed the burden upon the spouse who contends that the increase in value of separate property is also separate property. *See, e. g., Strauss v. Strauss*, 82 Ariz. 268, 312 P.2d 148 (1957); *Evans v. Evans*, 79 Ariz. 284, 288 P.2d 775 (1955); *Barr, supra*. In *Barr, supra*, this Court stated:

"[W]here doubts exist as to whether the proceeds represent the product of skill, labor, or management, as opposed to inherent return on investment, they are generally resolved in favor of finding the former, there being a strong presumption, rebuttable only by clear and convincing evidence, that all earnings during coverture are community in nature." 77 Ariz. at 409, 273 P.2d at 167.

■ We are persuaded by the above language in *Barr, supra*, and hold that when the value of separate property is increased the burden is upon the spouse who contends that the increase is also separate property to prove that the increase is the result of the inherent value of the property itself and is not the product of the work effort of the community. Language to the contrary in *Percy, supra*, is overruled. We emphasize, however, that the separate property of the spouse remains separate. It is merely the profits or the increase in value of that property during marriage which may become community property as a result of the work effort of the community.

Seldom will the profits or increase in value of separate property during marriage be exclusively the product of the community's effort or exclusively the product of the inherent nature of the separate property. Instead, as in the instant case, there will be evidence that both factors have contributed to the increased value or profits. In Arizona, these "hybrid profits" have been governed by what can be labeled the "all or none rule." Pursuant to this rule, the profits or increase in value will be either all community property or all separate property depending on whether the increase is primarily due to the toil of the community or primarily the result of the inherent nature of the separate property. *See, e. g., Porter v. Porter*, 67 Ariz. 273, 195 P.2d 132 (1948); *Anderson v. Anderson*, 65 Ariz. 184, 177 P.2d 227 (1947); *In re Torrey's Estate*, 54 Ariz. 369, 95 P.2d 990 (1939); *Spector v. Spector*, 23 Ariz.App. 131, 531 P.2d 176 (1975).

If there is insufficient evidence for the trial court to determine what the primary cause of the increased value is, the entire increase in value will be found to be community property, because, as stated previously, the burden of proof is upon the spouse who seeks to establish that the increase is separate property.

In *Nace v. Nace*, 6 Ariz.App. 348, 432 P.2d 896 (1967), *rev'd on other grounds*, 104 Ariz. 20, 448 P.2d 76 (1968), the Court of Appeals stated:

"*In the absence of a clear showing that a fair salary for the husband's efforts has been set*, Arizona decisions have followed an 'all or none' rule, placing the earnings either all in the community, or all in the separate estate, depending upon the nature of the property, with every presumption being in favor of the community." 6 Ariz.App. at 354, 432 P.2d at 902 (Emphasis added.)

This language seems to imply that if the community were paid a fair salary for its labor, the increase or profits from the separate property would remain separate. Only if such a salary had not been paid, or was not reasonable, would the all or none rule be applied.

In *Porter, supra, Lincoln Fire Insurance Co. v. Barnes*, 53 Ariz. 264, 88 P.2d 533 (1939), and *Nelson v. Nelson*, 114 Ariz. 369, 560 P.2d 1276 (App.1977), the profits or increases in one spouse's separate property were found to be separate property, and the community was deemed to have been fairly compensated for its services by salary. Seemingly, these Arizona cases allow the parties to avoid the all or none rule and apportion the profits or increase in value between separate and community property so long as the parties themselves provided for a fair and contemporaneous segregation. Such an exception to the all or none rule necessarily narrows it greatly, because, in effect, apportionment of the increased value is allowed so long as the parties have segregated the profits themselves by paying the community a salary.[1]

Seemingly, none of the other community property law states follow the "all or none" approach. Instead, each, except Texas,[2] recognizes some method of apportioning profits that result from a combination of separate property and community labor. *See, e. g., California: In re Estate of Neilson*, 57 Cal.2d 733, 22 Cal.Rptr. 1, 371 P.2d 745 (1962); *New Mexico: Jones v. Jones*, 67 N.M. 415, 356 P.2d 231 (1960); *Nevada: Wells v. Bank of Nevada*, 90 Nev. 192, 522 P.2d 1014 (1974); *Idaho: Hiatt v. Hiatt*, 94

---

1. This is similar to the law of Washington, which holds that when separate property is combined with personal services belonging to the community, all of the income or increase will be considered community property in the absence of a contemporaneous segregation of the income between the community and the separate estates. *See, e. g., In re Estate of Smith*, 73 Wash.2d 629, 440 P.2d 179 (1968). Therefore, under both Arizona and Washington law, apportionment would be an impossibility

in the instant case simply because appellant lacked the foresight to contemporaneously segregate his profits and pay himself a salary.

2. In Texas, profits from one spouse's separate property will be apportioned to reimburse the community for its labor only if community funds were also used in making the improvements. *Hale v. Hale*, 557 S.W.2d 614 (Tex.Civ. App.1977).

Idaho 367, 487 P.2d 1121 (1971); *Louisiana: Fontenot v. Fontenot*, 339 So.2d 897 (La. App.1977).

Arizona embraced the all or none doctrine in *In re Torrey's Estate, supra*, quoting from the Nevada Supreme Court opinion in *Lake v. Lake*, (Bender), 18 Nev. 361, 4 P. 711 (1894). (Nevada, however, departed from the all or none approach in 1973). *Johnson v. Johnson*, 89 Nev. 244, 510 P.2d 625 (1973).

"We now depart from the all-or-nothing approach of *Lake v. Bender*, supra, and announce the rule that the increase in the value of separate property during marriage should be apportioned between the separate property of the owner and the community property of the spouses. Profit or increase in value of property may result either from the capital investment itself, or from the labor, skill and industry of one or both spouses or from both the investment of separate property and the labor and skill of the parties. Where both factors contribute to the increase in value of a business, that increase should be apportioned between separate and community property. The rule we announce today is necessary in order to prevent the inherent injustice of denying the owner of separate property a reasonable return on the investment merely because the increase in value results 'mainly' from the labor, skill or industry of one or both spouses." 89 Nev. at 246, 247, 510 P.2d at 626.

This Court has also become disenchanted with the all or none rule. To implement the all or none rule and determine the *primary* source of the profits, the portion of the profits that resulted from each source must be calculated. Once this has been done, it is only logical to apportion the profits, or increased value, accordingly. To do otherwise will either deprive the property owner of a reasonable return on the investment or will deprive the community of just compensation for its labor.

■ We, therefore, also depart from the all or none rule and hold that profits, which result from a combination of separate prop-

erty and community labor, must be apportioned accordingly.

■ There are several approaches to the problem of apportionment:

" 'In making such apportionment between separate and community property our courts have developed no precise criterion or fixed standard, but have endeavored to adopt a yardstick which is most appropriate and equitable in a particular situation * * *. [citations omitted.]' " *Beam v. Bank of America*, 6 Cal.3d 12, 18, 98 Cal.Rptr. 137, 141, 490 P.2d 257, 261 (1971).

In the case of real estate, the owner of the real property can be awarded its rental value, with the community being entitled to the balance of the income produced from the lands by the labor, skill and management of the parties. *McElyea v. McElyea*, 49 N.M. 322, 163 P.2d 635 (1945); *Laughlin v. Laughlin*, 49 N.M. 20, 155 P.2d 1010 (1944). Another approach is to determine the reasonable value of the community's services and allocate that amount to the community, and treat the balance as separate property attributable to the inherent nature of the separate estate. *Tassi v. Tassi*, 160 Cal.App.2d 680, 325 P.2d 872 (1958). Finally, the trial court may simply allocate to the separate property a reasonable rate of return on the original capital investment. Any increase above this amount is community property. *Pereira v. Pereira*, 156 Cal. 1, 103 P. 488 (1909).

■ All of these approaches have merit, with different circumstances, requiring the application of a different method of apportionment. We, therefore, hold that the trial court is not bound by any one method, but may select whichever will achieve substantial justice between the parties. *Johnson v. Johnson*, 89 Nev. 244, 510 P.2d 625 (1973).

The judgment of the Superior Court is reversed and the case remanded for the trial court to apportion the profits or increase in value of appellant's separate property between separate and community property.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.