OPINION
GREER, Judge.
The parties were divorced on April 5, 1977. Husband appeals from the trial court’s decision that $75,000.00 of the stipulated $79,000.00 increase in the husband’s farming operation is community property. The facts necessary to a resolution of this appeal were stated in Cockrill v. Cockrill, 124 Ariz. 50, 601 P.2d 1334 (1979), and need not be repeated here. In that case, our supreme court reversed the trial court’s initial determination that the entire increase in value of the farming operation was community property, and in doing so rejected the “all-or-nothing” rule previously subscribed to in Arizona. Id. at 54, 601 P.2d at 1338. The supreme court’s opinion set forth three approaches the trial court could use to apportion the increase in value between community and separate property. Upon remand, the parties agreed that no further testimony was necessary and that the matter could be decided by the court on the basis of the existing evidence, with the aid of memoranda of law and oral argument. The court adopted the *74 “reasonable value of the community’s services” approach in apportioning $75,000.00 of the increased value to the community. Husband assigns the following errors on appeal:
1. The trial court erred by not adopting the “rental value” method;
2. There is insufficient evidence to support the court’s apportionment; and,
3. The court erred by awarding prejudgment interest to the wife.
METHOD OF APPORTIONMENT
Initially, husband argues there is no evidence in the record to support the court’s use of the “reasonable value of community services” method. This argument ignores the husband’s own testimony regarding the two methods commonly used by farm management companies in charging clients. The court was justified in using either of these two methods to determine the reasonable value of the services performed by the community. In Cockrill v. Cockrill, the supreme court held that the trial court was not bound by any one of the methods it set forth. Id. Thus, we will not disturb the court’s decision to use a particular method unless it is clearly an abuse of discretion. We find no abuse in this case because there is clearly evidence in the record supporting the method used by the court.
APPORTIONMENT BY COURT
The husband alternatively argues that there is insufficient evidence in the record to support the court’s decision that the community services were worth $75,000.00. Thus, he concludes that the court must have improperly applied this method of apportionment.
We cannot determine from the amended judgment exactly what evidence the trial court relied upon in finding that the community services were worth $75,-000.00. It is well settled, though, that a reviewing court must assume from any judgment the findings necessary to sustain it if such findings do not conflict with express findings and are reasonably supported by the evidence. Hueg v. Sunburst Farms (Glendale) Mutual Water and Agricultural Co., 122 Ariz. 284, 594 P.2d 538 (App.1979). We conclude that the record does contain evidence which reasonably supports the trial court’s apportionment.
Husband testified that a management firm hired to perform services similar to those performed by the husband would charge $50.00 to $100.00 per day. The husband points out that he testified he only worked a total of 140 to 200 days on the farm while they were married. Thus, using these figures and the per diem method, his services for two and one-half years would be worth a maximum of $20,000.00. However, there was evidence from which the court could reasonably conclude that the husband worked on the farm more than 200 days over the two and one-half year period. The wife testified, for instance, that she would often get up at 4:30 a.m. to fix his breakfast before he went to work on the farm. It is also apparent that, as with any business, there is more to operating the farm than just working in the field. The wife also testified that the husband negotiated financing for the farming operation, paid the bills, hired work crews, and did various other paper work. It is clear from the record that the court’s award was partly based upon the fact that the husband, as an experienced farming entrepreneur, was worth more to the farming operation than the services of a management firm. We agree.
Finally, the record shows that the wife also contributed to the operation of the farm. She testified that she helped harvest the cotton and run a cotton machine, although perhaps only a limited number of times. The wife also testified that she was the one who arranged to have the farm listed for sale at one point during the marriage. Thus, the court could have properly placed a value upon the wife’s services.
The supreme court’s ruling in Cockrill v. Cockrill, supra, does not change the well established rule that the trial court is given broad discretion in the apportionment *75 of community property and that no abuse of discretion will be found as long as the court acts equitably. Neal v. Neal, 116 Ariz. 590, 570 P.2d 758 (1977). It is our opinion the court acted equitably in concluding that the community’s services in operating the farming operation over a two and one-half year period were worth $75,-000.00.
INTEREST
We do agree with the husband that the court improperly awarded interest to the wife from the date of initial judgment. The supreme court’s ruling in Cock-rill v. Cockrill reversed the trial court’s judgment, relegating any award to the wife to that of an unliquidated claim. In Arizona, interest does not begin to run on unliquidated claims until the rendition of the judgment. Trollope v. Koerner, 21 Ariz.App. 43, 515 P.2d 340 (1973). Although it might be said that the wife had more than a mere claim to a share of the increased value of the farm it was not at all clear what amount she was entitled to receive. Long ago in Schwartz v. Schwerin, 85 Ariz. 242, 250, 336 P.2d 144, 149 (1959), our supreme court elucidated the reason behind our rule: “If the claim is unliquidated and is in dispute no interest is allowed upon the theory that the person liable does not know the sum he owes and therefore can be in no default for not paying.” We can think of no reason to justify a different rule in dissolution cases. As in any other civil matter where the rule normally applies, it would be unfair to charge the husband interest when he could not have accurately determined what sum, if any, he would ultimately be held liable to pay. Thus, the wife is only entitled to interest from the date of the second judgment.
Accordingly, the judgment of the trial court is affirmed except as to the date the interest was to begin to accrue.
FROEB, P.J., concurs.