NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

NICHOLAS TUTORA, *Petitioner/Appellee,*

*v.*

ANN DOMINGUEZ, *Respondent/Appellant.*

No. 1 CA-CV 14-0669 FC
FILED 12-17-2015

Appeal from the Superior Court in Maricopa County
No. FN2014-050399
The Honorable Gerald Porter, Judge (Retired)

**AFFIRMED**

COUNSEL

Nicholas Tutora, Scottsdale
*Petitioner/Appellee*

Ann Dominguez, Scottsdale
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　　Ann Dominguez ("Wife") appeals the family court's dissolution decree, arguing the court erred in apportioning the assets and debts between her and Nicholas Tutora ("Husband").[1]  For the reasons set forth below, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[2]

**¶2**　　　　The limited record provided this court indicates as follows:[3] The parties married on January 11, 2013.  Wife moved in with Husband,

---

[1]　　　　The parties were self-represented throughout the proceedings before the family court and continue to be self-represented on appeal.

[2]　　　　Wife's opening brief fails to cite to the record and contains factual assertions for which there is no record support.  An appellant's brief must contain a statement of facts with appropriate references to the record. ARCAP 13(a)(5).  If not, this court may disregard it.  *See Flood Control Dist. of Maricopa Cty. v. Conlin*, 148 Ariz. 66, 68, 712 P.2d 979, 981 (App. 1985). Also, bald assertions without proper citation are generally insufficient to preserve issues for review.  *See Joel Erik Thompson, Ltd. v. Holder*, 192 Ariz. 348, 351, ¶ 20, 965 P.2d 82, 85 (App. 1998); *AMERCO v. Shoen*, 184 Ariz. 150, 154 n.4, 907 P.2d 536, 540 n.4 (App. 1995); *Prairie State Bank v. I.R.S.*, 155 Ariz. 219, 221 n.1A, 745 P.2d 966, 968 n.1A (App. 1987).  Nonetheless, this court previously denied Husband's motion to dismiss the appeal, and although Wife's briefs are grossly deficient, Husband's answering brief is no better.  *See* ARCAP 13(b).  We therefore decline to summarily reject Wife's appeal.  *See Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966); *Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108, 505 P.2d 275, 276 (1973).

[3]　　　　This court previously denied Wife's motion to add documents to the record, including a letter dated January 20, 2015, and a print-out concerning

who had two children from a previous marriage. Wife had no previous children, and the couple have no children in common. During their brief marriage, the couple purchased on credit a 2011 Hyundai Sonata automobile ("the Hyundai"), driven primarily by Wife, and a 2008 Chevy Cobalt ("the Chevy"), driven by Husband.

¶3 The parties' relationships with one another and the children were often strained, volatile, and dysfunctional, as were Husband's relationships with his ex-wife and others. On February 18, 2014, Husband sought and received an order of protection after Wife allegedly "stabbed" Husband in the leg with a pen, ostensibly because Husband was involved in an extra-marital affair.[4] According to Husband, police then removed Wife from the couple's rental home, and Wife temporarily relocated to an extended-stay hotel.

¶4 On March 5, 2014, after slightly more than one year of marriage, Husband filed a petition for dissolution of the marriage. In the petition, Husband listed no assets, separate or community, but listed a community debt of $30,000 on the Hyundai, and listed as separate debts student loans of $80,000 (Husband) and $30,000 (Wife). Husband also requested that he and his children "have sole use of the marital rental property," contending it was "not feasible" for them to move because the children attended school in the district where the property was located, and Wife could not afford the rental payments on her own.

¶5 In her response to the petition, Wife indicated neither party had any separate property or debts. She listed as community property various household assets, including furniture, which she cumulatively valued at $4,190, and the Hyundai, which she valued at $12,000. As community debts, Wife listed the following: "ER Medical bills" ($2,571.00); "ASU Medical bills" ($80.00); "Mover (Blair)" ($150.00); "Storage" ($240.00); "Extended Stay costs" ($508.89); "Vehicle registration (Hyundai)"

_____

the value of a vehicle. Our review is limited to the record before the family court, and we will not consider evidence that was not part of the record before that court at the time it entered the decree. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5, 795 P.2d 827, 830-31 (App. 1990).

[4] Wife later purportedly sought an order of protection against Husband, claiming he had physically, verbally, and emotionally abused her. Wife also asserted that Husband — who is a pharmacist, public speaker, and "life coach" — had abused marijuana and prescription medications. Husband has, however, been issued a medical marijuana card.

($215.46); "Loans on Universal Life Ins." ($2,527.41); "Title loan" ($456.00); "ASU Tuition (withdrawal fall semester)" ($5,000.00); "2011 Hyundai overpayment (because [Husband] would not negotiate price at purchase)" ($5,000.00); and "2011 Hyundai note (until note is refinanced in [Wife's] name[)]" ($17,000.00). Wife sought possession of all community property listed, and indicated Husband should bear full responsibility for all community debts, except the Hyundai note, which she proposed be paid by both Husband ($300/month) and Wife ($123/month). She further requested the court order that Husband pay her a "settlement sum of $20,000.00," in part because Husband had "kicked [her] out of the marital home," and order that she "have the exclusive use of the marital residence."

¶6 On May 21, 2014, Wife moved for temporary orders, seeking spousal maintenance, payment of her medical and dental insurance by Husband, and an order that Husband pay $300 monthly to "Regional Acceptance Corp.," ostensibly as payment on the Hyundai note, which Wife indicated had a current balance of $18,123.16. In her accompanying affidavit of financial information, Wife listed her monthly gross income at $1,829.43.

¶7 At the June 27, 2014 evidentiary hearing regarding Wife's motion for temporary orders, the family court ordered that Husband pay Wife temporary monthly spousal maintenance in the amount of $600 and "immediately withdraw[] the maximum amount permitted from his IRA account and provide 100% of the proceeds to Wife." The court also confirmed that the issues at trial concerned allocation of the parties' numerous debts, the Hyundai, the Chevy, Husband's 401(k) account, Husband's claim for reimbursement of insurance money paid, Wife's claim for spousal maintenance, and the division of personal assets. Regarding personal property, the court ordered each party to identify items of community and sole and separate personal property at issue, create lists, and exchange the lists before trial. The court stated its planned method for dividing the community property and also warned:

> All other property not identified shall remain with the party in possession. The items identified as not existing or as sole and separate property will be divided by the Court after hearing. Failure to timely provide lists will waive any claim to property or objection to same. The lists shall be exchanged by e-mail.

¶8 On July 24, 2014, the family court held an evidentiary hearing on the petition for dissolution. After discussion, the court approved the

4

parties' agreement awarding Husband the Chevy and making him responsible for the debt associated with that vehicle, with no equalization.[5] *See* Ariz. R. Fam. Law P. 69(A). Both Husband and Wife then testified, and the court received into evidence several exhibits from each party. Wife presented evidence that the trade-in value on the Hyundai was approximately $10,000.

¶9        On August 11, 2014, the family court issued the dissolution decree. In the decree, the court denied Wife's request for continuing spousal maintenance; ordered the parties to sell the Hyundai, pay off the associated debt, and "split equally" any resulting deficiency or equity; ordered a valuation and subsequent division of Husband's 401(k) retirement fund; denied Husband's request to divide a title loan debt he had incurred from Speedy Cash; ordered Wife solely responsible for her ASU student loan; ordered all debt associated with medical-related issues during the marriage split equally, including Wife's "Scottsdale Medical debt," for which neither party had provided any evidence or testimony; ordered the parties equally responsible for a judgment of $5,700 entered against both Husband and Wife for breaking a previous lease; ordered Wife solely responsible for a judgment obtained against her for a lease she broke before the parties' marriage; ordered debt owed on Wife's T-Mobile account be treated as a community debt and paid from community assets; denied Husband's request for reimbursement of insurance money allegedly paid on the Hyundai after termination of the marriage; and ordered that each party retain any personal property then in his or her possession. Finally, the court ordered each side to bear his or her own costs and any attorneys' fees.

¶10        The family court denied Wife's motion for reconsideration, and we have jurisdiction over Wife's timely appeal. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1) (Supp. 2015).

**ANALYSIS**

¶11        Wife contests the family court's allocation of property and debts, including numerous items of personal property, and denial of her

---

[5]        In his affidavit of financial information, Husband claimed he was paying $416 per month for the Chevy.

request for spousal maintenance.[6]  On this record, we find no abuse of the family court's discretion.

**¶12**         We review the family court's apportionment of property and debts for an abuse of discretion.  *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11, 240 P.3d 1239, 1243 (App. 2010).  Because neither party requested findings of fact and conclusions of law under Rule 82(A) of the Arizona Rules of Family Law Procedure, we presume the family court found every fact necessary to support its judgment.  *See Neal v. Neal*, 116 Ariz. 590, 592, 570 P.2d 758, 760 (1977).  Absent clear error, we defer to the court's factual findings, including any valuation of assets.  *See Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13, 36 P.3d 749, 754 (App. 2001); *Lee v. Lee*, 133 Ariz. 118, 122, 649 P.2d 997, 1001 (App. 1982).  We also defer to the family court's credibility determinations where evidence conflicts.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998); Ariz. R. Fam. Law P. 82(A).

**¶13**         A strong presumption exists that property acquired during marriage is community property and debts incurred during marriage are community obligations.  *See Cockrill v. Cockrill*, 124 Ariz. 50, 52, 601 P.2d 1334, 1336 (1979); *Hrudka v. Hrudka*, 186 Ariz. 84, 91-92, 919 P.2d 179, 186-87 (App. 1995); *see also* A.R.S. § 25-211(A) (Supp. 2015) (providing that, with certain exceptions, "[a]ll property acquired by either husband or wife during the marriage is the community property of the husband and wife").  A spouse seeking to establish the separate character of a debt or property must overcome the presumption with clear and convincing evidence to the contrary.  *See Cockrill*, 124 Ariz. at 52, 601 P.2d at 1336; *Hrudka*, 186 Ariz. at 91-92, 919 P.2d at 186-87.  We review *de novo* the family court's characterization of property as separate or community.  *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15, 5 P.3d 911, 915 (App. 2000).  At the same time, we view "all evidence and reasonable conclusions therefrom in the light most favorable to supporting" the family court's decision regarding

---

[6]         An appellant's argument must contain citations to relevant legal authorities, supporting reasons for each contention, and appropriate references to portions of the record on which the appellant relies.  *See* ARCAP 13(a)(7)(A)-(B).  Wife's brief fails to comply with ARCAP 13(a)(7), and Husband's brief is also noncompliant.  *See* ARCAP 13(b)(1).  The failure to comply with ARCAP 13 can constitute waiver of the arguments made.  *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009); *see also Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived." (citations omitted)).  Nonetheless, we decline to apply waiver on this basis.

the nature of the property. *Sommerfield v. Sommerfield*, 121 Ariz. 575, 577, 592 P.2d 771, 773 (1979).

¶14 At the outset, we note that our review is limited by the lack of a transcript, which would allow us to better evaluate the basis for Wife's assertions. Wife did not timely order and submit a transcript of the July 24, 2014 evidentiary hearing (or any other transcript, for that matter). Instead, after Wife filed her reply brief, she filed a "motion," in which she advised this court that she had since ordered transcripts, and indicated she would file a motion to submit the transcripts when completed. On May 13, 2015, this court issued an order advising Wife in pertinent part as follows:

> Arizona Rule of Civil Appellate Procedure 11(c)(2) requires an appellant to order transcripts within 10 days after filing a notice of appeal. This appeal is fully briefed and at issue. Therefore, the court will deny any future motion to add transcripts to this record.

¶15 As the appellant, Wife had the burden to timely provide this court with a trial transcript necessary to the resolution of this appeal. *See* ARCAP 11(b)(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a certified transcript of all evidence relevant to such finding or conclusion."). In the absence of a transcript, we assume the record supports the family court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995). We also assume the family court considered all relevant information in the record. *See Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397, 923 P.2d 859, 863 (App. 1996).

¶16 Given the limited record provided this court, we are unable to fully address most of Wife's arguments. Without a transcript, we cannot determine whether Wife objected to the proceedings on the grounds she raises on appeal, whether the family court improperly precluded or failed to consider evidence, or whether the court committed any other transgression alluded to by Wife. Moreover, given the non-specific and conclusory arguments Wife presents on appeal, we have no basis for disturbing the family court's ruling. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 343, 678 P.2d 525, 528 (App. 1984); *see also Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 193, 836 P.2d 404, 406 (App. 1992) (stating that a judgment is presumed correct and the appellant bears the burden to show otherwise).

**¶17** Wife devotes much of her opening brief to arguing the family court erred when it ordered that each party retain any personal property in his or her possession. In her brief, however, Wife concedes the property at issue was community property. Further, before trial, the court ordered each party to identify items of community and sole and separate personal property at issue, create lists, and exchange the lists. The court warned the parties that the failure to timely provide lists would waive any claim to personal property held by the other party, and all property not identified "shall remain with the party in possession." However, neither party heeded the court's warning; accordingly, in the decree, the court explained its order that each party retain personal property in his or her possession by noting that "neither party provided any list that they had exchanged concerning personal property." Given both the parties' failure to follow the court's orders and the lack of a transcript, we find no abuse of discretion. *See Baker*, 183 Ariz. at 73, 900 P.2d at 767; *see also Romero v. Sw. Ambulance & Rural/Metro Corp.*, 211 Ariz. 200, 203, ¶ 4, 119 P.3d 467, 470 (App. 2005) (holding that unsupported arguments without the relevant transcripts are insufficient for this court to meaningfully review the trial court's rulings or overcome the presumption that those rulings are supported by the record).

**¶18** We also find no abuse of discretion in the family court's decision to deny Wife's request for continuing spousal maintenance. In denying her request, the court noted that "Wife provided absolutely no testimony concerning any of the factors in spousal maintenance" at trial, and "no testimony or evidence concerning efforts she is making to become self-sufficient." The court further noted that, although Wife had previously filed an affidavit of financial information, she provided no supporting documentation, and the court had "no idea, based on Wife's presentation, where she is working and what she is earning." The court also found that Wife had "provided no evidence of her need." Given these findings, and the failure of the record to provide a basis to refute them, we find no abuse of the court's discretion.

**¶19** To the extent Wife attributes any adverse rulings to judicial partiality, we must presume the family court judge is free of prejudice and bias. *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38, 124 P.3d 756, 768 (App. 2005). To overcome this presumption, a party must prove "a hostile feeling or spirit of ill-will, or undue friendship or favoritism, towards one of the litigants." *State v. Cropper*, 205 Ariz. 181, 185, ¶ 22, 68 P.3d 407, 411 (citation omitted), *supplemented by* 206 Ariz. 153, 76 P.3d 424 (2003). In this case, Wife has not rebutted the presumption of judicial impartiality. Although we lack the transcript, the portions of the record available reflect no bias and indicate the family court impartially considered the parties' positions.

¶20 Finally, we acknowledge and emphasize the family court has discretion over the control and management of the trial. *See Hales v. Pittman*, 118 Ariz. 305, 313, 576 P.2d 493, 501 (1978). "We will not interfere in matters within the [family] court's discretion unless we are persuaded that the exercise of such discretion resulted in a miscarriage of justice or deprived one of the litigants of a fair trial." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 308, ¶ 31, 173 P.3d 463, 472 (App. 2007) (citation omitted). On this limited record, we find no evidence that the court abused its discretion or denied Wife a fair trial.

## CONCLUSION

¶21 We affirm the judgment of the family court and grant Husband his taxable costs on appeal, contingent upon his compliance with Rule 21, ARCAP. To the extent Wife argues Husband is not fully complying with the family court's orders, Wife may seek a remedy in that court.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama