NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

TONI-RAE MUHAMMAD, *Petitioner/Appellee,*

*v.*

AAMIR HASIM MUHAMMAD, *Respondent/Appellant*.

No. 1 CA-CV 23-0117 FC
FILED 11-21-2023

Appeal from the Superior Court in Maricopa County
No. FC2022-002361
The Honorable Tracey Westerhausen, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

APPEARANCES

Troon Law Group, P.L.L.C., Phoenix
By C. Kirk Di Giacomo
*Counsel for Petitioner/Appellee*

Aamir Hasim Muhammad, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**W I L L I A M S**, Judge:

**¶1**        Aamir Hasim Muhammad ("Father") appeals the superior court's dissolution decree. For reasons that follow, we affirm in part, and vacate and remand in part.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Father and Toni-Rae Muhammad ("Mother") married in 2006 and have two minor children. Father was the primary income earner for the family, and Mother primarily ran the household. Both parents earned master's degrees.

**¶3**        Towards the end of 2021, Mother (without the children) moved out of the family home and in with her parents. In early 2022, Mother found temporary employment for a few months. She also filed the parties' 2021 taxes, received a tax refund, and deposited it into her separate bank account. Then, in April 2022, Mother petitioned for divorce.

**¶4**        Before trial, the parties agreed that each parent could exercise parenting time as often as the children and parents agreed—though the children made clear they did not wish to visit Mother at the maternal grandparents' home after Mother acted "bizarrely" on one occasion and the children felt unsafe. After trial, the court awarded Father sole legal decision-making authority for the children. The court also awarded Mother spousal maintenance of $1,000 per month for one year and $95 per month in child support. The court did not expressly address the parties' 2021 tax refund.

**¶5**        Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶6        Father contends the superior court erred by (1) not permitting him to testify on his own behalf or cross-examine Mother at trial; (2) failing to award him one-half of the parties' 2021 tax refund; (3) awarding Mother spousal maintenance; (4) failing to credit Father for various expenses in calculating Mother's child support award; and (5) failing to expressly rule on an adverse inference request. We address each argument in turn.

*I.        Due Process*

¶7        Father contends the superior court denied him due process because he was not permitted to testify on his own behalf or cross-examine Mother at trial. We review due process challenges *de novo*, *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020), and will reverse a decision for a due process violation only if the error prejudices a party, *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014).

¶8        Due process requires the court to allow litigants to be heard "at a meaningful time and in a meaningful manner." *Backstrand*, 250 Ariz. at 346, ¶ 29 (citation omitted). How a trial court does that, including the imposition of "reasonable time limits appropriate to the proceeding[]," Ariz. R. Fam. Law P. 22(a), and "the mode and order of examining witnesses and presenting evidence," Ariz. R. Evid. 611(a), is left to the court's broad discretion, *see Volk*, 235 Ariz. at 468, ¶ 20.

¶9        Despite Father's argument to the contrary, Father did testify at trial. Before Father testified, the court explained that it was obligated to consider certain statutory factors in rendering its decision. The court then systematically went through each factor with Father, allowing Father to testify about each. The court also asked Father several follow-up questions. As for Father's cross-examination of Mother, once Mother finished testifying, the court said to Father: "I haven't found that it's worked out very well when I let people who are getting a divorce from each other cross-examine each other." The court then asked Father if there were "some specific topics that you might like me to ask on your behalf?" Father mentioned several topics, and the court then asked Mother questions about each of those topics. Father never objected to the court's approach. On this record, Father was not denied due process.

*II.       Distribution of Property*

¶10        Father argues he should be reimbursed for one-half of the parties' 2021 tax refund. Though Father raised the issue at a temporary

orders hearing, he did not raise it at trial, nor did he raise it in his pretrial statement filed just before trial or in his proposed divorce resolution statement filed months earlier. *See, e.g., Ertl v. Ertl*, 252 Ariz. 308, 316, ¶ 29 (App. 2021) (waiver of arguments not properly raised before the superior court). But even if he had, Mother received the refund before petitioning for divorce.

¶11        Property acquired during marriage is generally presumed to be community property. A.R.S. § 25-211(A); *see Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). And, as a general rule, when either spouse expends community funds, as Mother did here with the tax refund, it is presumed to benefit the community. *Cf. Johnson v. Johnson*, 131 Ariz. 38, 44 (1981) (upholding "general rule that where either spouse incurs an obligation during marriage for the benefit of the community, that debt is presumed to be a community obligation"). It is true that a spouse may have a claim for reimbursement against "abnormal or excessive expenditures" of community funds by the other spouse upon showing that the community funds were "waste[d]." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 7 (App. 1998). But Father did not allege or show waste. Mother's expenditure of the community tax refund was presumed to benefit the community. And at the temporary orders hearing, Mother testified that the refund was used to pay for her living expenses, food for the children, and gas for the car. Father has shown no error.

III.    *Spousal Maintenance*

¶12        Father contends Mother was ineligible to receive spousal maintenance and that the court's award failed to consider "all prepared testimony and evidence." We review a spousal maintenance award for an abuse of discretion, *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007), and will affirm an award if there is any reasonable evidence to support it, *Gutierrez*, 193 Ariz. at 348, ¶ 14. To qualify for spousal maintenance, a spouse must show eligibility under A.R.S. § 25-319(A) and entitlement under A.R.S. § 25-319(B). *See In re Marriage of Cotter and Podhorez*, 245 Ariz. 82, 85, ¶ 7 (App. 2018).

¶13        Father argues that because the court did not award Mother temporary spousal maintenance, it should not have awarded her spousal maintenance in the final divorce decree. But a temporary order (whether awarding spousal maintenance or not) terminates when a final divorce decree is entered. A.R.S. § 25-315(A)(2).

¶14 After the trial, the court determined that Mother was eligible for spousal maintenance because she (1) lacked sufficient property to provide for her reasonable needs and (2) significantly reduced her income or career opportunities for the benefit of Father. A.R.S. §§ 25–319(A)(1), (4). Record evidence supports those findings. Mother testified that she had not worked during most of the parties' marriage so she could care for the children and that she was having difficulty finding and maintaining a job despite her higher education. Mother also testified that, because she primarily ran the household, it "prevented [her] from going forward to be a doctor" which is what she had hoped to do.

¶15 The court also considered additional factors under A.R.S. § 25–319(B) to determine Mother's entitlement to an award. Specifically, the court noted the 16-year duration of the marriage, Father's higher earning capacity, and Father's ability to meet his needs while paying spousal maintenance. On this record, the court was within its discretion to award Mother spousal maintenance.

*IV.    Child Support*

¶16 Father contends the superior court erred in awarding Mother $95 per month in child support because the court failed to credit Father for various expenses. We agree.

¶17 When calculating child support, the superior court generally considers the parents' gross income. *See Sherman v. Sherman*, 241 Ariz. 110, 113, ¶ 10 (App. 2016). But the Arizona Child Support Guidelines ("Guidelines"), A.R.S. § 25-320 app., *require* the court to deduct from a parent's income any court-ordered spousal maintenance and any medical insurance for minor children common to the parties. *See* Guidelines §§ II.B.2.a., III.B.3.e. According to the court's child support worksheet, it failed to deduct spousal maintenance or medical insurance premiums (for which there was at least some evidence Father pays) from Father's income. It is also unclear whether the court attributed as income to Mother the value of living with her parents rent-free. *See* Guidelines §§ II.A.4.d.i. Consequently, we vacate the child support award and remand for a new child support determination.

¶18 We note, for the benefit of the parties on remand, that the Guidelines also allow deductions for "any reasonable and necessary expenses" a parent expends for their children to attend "private or special schools." Guidelines § III.B.5.a. Father's financial affidavit listed his $50 monthly payment for the children's online homeschooling. Whether those

expenses should be deducted from Father's income is left to the superior court's sound discretion.

## V.   Matters Under Advisement

**¶19**        Lastly, Father contends he "requested an adverse inference" from the superior court of Mother's failure to disclose various bank statements, as well as Mother's criminal history. Though the court did not expressly address Father's adverse inference request in the divorce decree (suggesting it implicitly denied the same), the decree suggests the court considered it. The opening lines of the decree state: "[T]he Court has considered the evidence which includes where applicable/presented, the demeanor of the witnesses, reviewed the exhibits as well as the case history, and considered the parties' *arguments* and agreements." (Emphasis added). On this issue, Father has shown no error.

## VI.   Attorney's Fees and Costs on Appeal

**¶20**        Mother requests her attorney's fees and costs under A.R.S. § 25-324. Having considered (to the extent the record provides) the relative financial resources of the parties, as well as the reasonableness of the parties' positions on appeal, in our discretion, we deny the request. Because each party has been successful in part, each shall bear its own costs.

## CONCLUSION

**¶21**        We affirm the superior court's decree in all respects except regarding child support. On that issue, we vacate the court's award and remand for further proceedings consistent with this decision.

