[Civ. No. 20372.   Second Dist., Div. Three.   Dec. 30, 1954.]

WILLIAM J. CROXSON, Respondent, v. STEVA M. CROXSON, Appellant.

Hahn, Ross & Saunders for Appellant.

Wittman, Woodward & Truman for Respondent.

SHINN, P. J.—William J. Croxson brought suit against Steva M. Croxson for divorce, charging cruelty. Mrs. Croxson answered and filed a cross-complaint for separate maintenance charging cruelty. Upon plaintiff's application Mrs. Croxson and certain banking and investment institutions were ordered

to show cause why Mrs. Croxson should not be enjoined from disposing of community property except in the ordinary course of business or for the necessities of life. Upon application of defendant, Mr. Croxson was ordered to show cause why he should not be required to pay money for defendant's support, attorneys' fees and costs and restrained from disposing of any community property except such as was reasonably necessary in the ordinary course of business or for the necessities of life. Both the complaint and the cross-complaint alleged in general terms that such restraining orders were necessary in order to prevent dissipation of the community assets.

Mr. Croxson filed an affidavit October 13, 1953, stating that until December 31, 1953, his salary would be $1,596 per month but that thereafter it would only be $419 per month. His affidavit listed property of the net value of $151,000 as community property. It did not state what his necessary living expenses would be. Mrs. Croxson filed an affidavit listing her necessary expenses in the amount of $515 per month. She stated in the affidavit that her husband had received from General Motors in the previous year $33,000. She did not list the community property nor place any value upon it. When the matter came on for hearing of the two orders to show cause both plaintiff and defendant testified. Pursuant to stipulation each was restrained from molesting the other and from disposing of any community property except in the ordinary course of business or for the necessities of life; each was ordered to deposit all funds on hand in a joint bank account excepting for $1,000 which each might retain. All income was ordered to be likewise deposited. Checks on the account were to require signatures of both parties; the husband was to have the exclusive use of a mountain cabin, the wife the exclusive use of the home of the parties. These provisions were in accord with the oral stipulations of the parties in court. The order contained other provisions which were not covered by the stipulations. It was further ordered that all income from certain apartments was to be deposited in a joint account, defendant was to receive $1,000 which would be replenished from time to time to be used for the payment of expenses of the apartments. From the joint account $1,000 was ordered paid to plaintiff's attorneys, $500 having already been paid, and $1,500 was ordered paid to defendant on account of attorneys' fees.

Defendant appeals from that portion of the order reading as follows: "All income of both parties shall be deposited in a joint account referred to above and $500.00 per month payable on the 15th day of each month shall be withdrawn and paid to defendant as alimony and $1000.00 per month shall be withdrawn for the use of the plaintiff.

The entire argument on the appeal is predicated upon a misstatement of the record. The points on appeal are set forth in the opening brief as follows: "I. Before alimony pendents lite may be ordered, there must be a showing of necessity. II. The court cannot give relief beyond that which is requested in the affidavit or that which is ordered to show cause. III. There is no evidence to substantiate the court's order that a $1,000.00 per month shall be withdrawn for the support of the plaintiff husband." Throughout the briefs there are statements such as "There is no evidence in the entire Reporter's Transcript that supports the order for $1,000.00 for the husband's support."

The order was that ". . . $1000.00 per month shall be withdrawn for the use of plaintiff." While quoting this wording of the order appellant seizes upon the patently inadvertent statement of the court during the hearing that plaintiff might withdraw from the account $1,000 per month "for his support." Counsel well know that the court ordered the sum to be withdrawn for the use of plaintiff and not merely for his support. We would not expect any lawyer to plead ignorance of the rule that the statements of the court during the trial may not be given effect to alter or modify the clear provisions of the court's judgment or order.

The entire argument of the appellant is to the effect that the court in plain disregard of established principles of law and without any request therefor or showing of necessity granted support money to the plaintiff husband. This is an attempt to put the trial court in a false light and it is trifling with this court. The order granted the plaintiff nothing except the relief provided by the restraining provisions of the order.

The husband has the management and control of the community property. He does not lose control upon the institution of an action for divorce or separate maintenance. The order took away that control except for $1,000 per month from his income. He testified, and it was not disputed, that in the following year, 1954, he would receive as dividends, salary and bonus $24,284. Under the order, to which he consented, half of this money would go into a joint account,

to be withdrawn only upon the signatures of himself and his wife. And yet defendant's counsel complained to the court, "Your Honor, you are giving him more than you are giving my client."

All the argument and the authorities cited by appellant relate to the powers of the court to grant support money to a dependent spouse. Appellant's brief closes as follows: "Appellant respectfully submits that this order of $1,000.00 per month for the support of the husband should be reversed."

■ There is no suggestion in the briefs that the substance of the order was merely to place a limitation upon the husband's control of community assets. Although Mrs. Croxson upon the hearing claimed that one of the smaller rental properties standing in the name of herself and her husband belonged to her daughter, it was undisputed that there were community assets, including plaintiff's anticipated income, of some $165,000. The order gave defendant everything she asked for, support, attorneys' fees, costs and sequestration of the community property. Her complaint is that the court did not take away from plaintiff control and use of the community property except for $500 per month. No case will be found in the books which would tend to support her unreasonable contention. It would be absurd to assert that in the order in question there was a semblance of abuse of discretion.

■ We are not unaware of the fact that clients in divorce litigation must be humored by their attorneys in their unreasonable demands, and while we make allowances on that account our forbearance is not unlimited. We expect the claims of the parties to be presented fairly and without dissimulation. We also deem it to be the duty of the courts to discourage obviously groundless appeals.

The order is affirmed with $100 assessed against appellant as costs for a frivolous appeal.

Wood (Parker), J., concurred.

Vallée, J., Concurring and Dissenting.—I concur in affirmance of the order. I dissent from that part of the judgment of this court assessing $100 against appellant as costs.

A petition for a rehearing was denied January 20, 1955.