570 P.2d 758

**Leavy Calvin NEAL, Appellant,**

v.

**Judith Louise NEAL, Appellee.**

**No. 12961–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 6, 1977.

Rehearing Denied Nov. 1, 1977.

Stompoly & Even, P. C. by James L. Stroud, Tucson, for appellant.

Richard R. Forcier, Tucson, for appellee.

GORDON, Justice:

This is an appeal by Leavy C. Neal from a decree of dissolution of marriage entered December 3, 1975. Following a decision by the Court of Appeals, Mr. Neal's petition to this Court for review as authorized by Rule 47(b), 17A A.R.S., Rules of the Supreme Court was granted.

The parties were married on December 31, 1952, approximately five months after appellant entered the Air Force. At the time of the dissolution proceedings, appellant was due to retire on July 31, 1975 as a technical sergeant with a monthly pension of $400. Prior to the dissolution, the parties had been separated for one year, during which time appellee underwent a hysterectomy. The decree of dissolution ordered appellant to pay the costs of the surgery as well as $50.00 per month child support for each of the two children remaining with the appellee. Pursuant to stipulation, Mr. Neal assumed the expense of their mentally retarded child's residency at the Arizona Training Program. The court found the military retirement benefits to be community property, awarding $200.00 per month therefrom to each party. Finally, spousal maintenance of one dollar was awarded to the appellee.

Three issues were raised on appeal:

(1) Whether the award of spousal maintenance was proper.

(2) Whether the military retirement pay is community property.

(3) Whether the trial court abused its discretion in the assignment of medical, legal, and child support obligations to appellant.

■ As neither party requested a finding of facts pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 52(a), and the trial court did not, *sua sponte*, make such findings, we are constrained by the presumption that the Superior Court "found every fact necessary to support the judgment, and such presumptive findings must be sustained if the evidence on any reasonable construction justified it." *Porter v. Porter*, 67 Ariz. 273, 282, 195 P.2d 132, 137–38 (1948); *Myrland v. Myrland*, 19 Ariz.App. 498, 508 P.2d 757 (1973).

### Spousal Maintenance

Appellant questions whether the prerequisites for spousal maintenance were met. A.R.S. § 25–319(A) prescribes the necessary elements:

"A. In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse *only* if it finds that the spouse seeking maintenance:

"1. Lacks sufficient property, including property apportioned to such spouse, to provide for his or her reasonable needs; *and*

"2. Is unable to support himself or herself through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home." (Emphasis added.) [1]

■ Appellee's testimony concerning the deficit of approximately $150 between her available funds and monthly expenses satisfied the first prerequisite. The record, however, does not support the second requirement. Appellee, at the time of the hearing, was employed as a part-time cleaning person. This only required two days of work per week, yielding a net weekly pay of $51.78. Additionally, she had recently voluntarily terminated another part-time job. Her children, ages eleven and fifteen, were able to care for themselves, thereby freeing appellee for full employment. Since the record did not reveal any evidence of appellee's physical condition preventing her full employment, the only reasonable conclusion which arises from these facts is that appellee is capable of supporting herself through regular employment. She, therefore, fails to satisfy the requirements of A.R.S. § 25–319(A)(2), rendering the award of spousal maintenance inappropriate.

Although the facts of this case may not warrant the following discussion, we nevertheless take this opportunity to consider the practice of awarding one dollar spousal maintenance as a method of holding open the courtroom door for possible changes of circumstances. A.R.S. § 25–319(A) sets forth the requisite findings of necessity which must precede *any* award of spousal maintenance. Although not inconceivable, it would indeed be a rare situation where the award of one dollar manifests such necessity.

■ A reading of Title 25, Article 2, Dissolution of Marriage, A.R.S. § 25–311 et seq. reveals the Legislature's intention to establish an enlightened, equitable method of dissolution, not based on the fault of either party. This move toward equality of persons must not be thwarted by the antiquated granting of nominal maintenance to the wife. The bonds of marriage are erased

---

1. The words "or lacks earning ability in the labor market adequate to support himself or herself" were added to A.R.S. § 25–319(A)(2) in 1976. *This addition does not affect the outcome of this case.*

upon dissolution, and unless a spouse meets the requirements of A.R.S. § 25–319(A) at that time, spousal maintenance is impermissible. As was noted in *Ziegenbein v. Damme*, 138 Neb. 320, 292 N.W. 921 (1940), quoted in *Cummings v. Lockwood*, 84 Ariz. 335, 340, 327 P.2d 1012, 1016 (1958):

> "We are living in an era of feminine equality, unhesitating separations and rapid readjustments. In some of the situations which present themselves between husband and wife, it is unquestionably better for both parties that their rights and obligations be definitely fixed, so that the ties between them can be completely severed and they can face with certainty the measure of the final adjustment which they will be required to make. * * *." 292 N.W. at 923.

Any attempt to avoid the total severance of the marital bonds through the device of unjustified nominal spousal maintenance, enabling a party to later return for a greater award in the event of some unforeseen circumstance, can only be viewed as an evasion of the clear legislative mandate of A.R.S. § 25–319. It is the court's duty to give effect to the statutes of Arizona, not to circumvent them.

### Military Retirement Pay

Appellant also challenges the court's finding of his entire military retirement compensation being community property. It is now clear that the portion of one's retirement pay attributable to the effort of the community is deemed community property. *VanLoan v. VanLoan*, 116 Ariz. 272, 569 P.2d 214 (No. 12129–PR, filed July 22, 1977). Since appellant was retired at the time of the decree, we are not faced with the problems alluded to in the *Van-Loan* dissent. However, the parties have questioned the effect of appellant's five months of military service prior to their marriage. Following *VanLoan*, appellant is entitled to a portion of the retirement pay corresponding to the five months as his separate property. A.R.S. § 25–213. However we do note that 5/240's of $400 retirement compensation may be rather insignifi-

cant. In such a case, the trial court could, within its discretion, equitably divide the remaining community assets so the net result would be an award of $200 per person. Regardless of its final award, the court must recognize the existence of the separate property and cannot, *ipse dixit*, change that property into a community asset. Accordingly, the Superior Court's determination of "all of the husband's retirement compensation * * *" being community property must be reversed.

### Medical, Legal and Child Support Obligations

While the parties were separated, but prior to the dissolution, appellee underwent a hysterectomy. Appellant questions whether the medical expenses incurred are community or separate debts.

During the marriage, "the spouses have equal management, control and disposition rights over their community property, and have equal power to bind the community," A.R.S. § 25–214(B); "either spouse may contract debts and otherwise act for the benefit of the community." A.R.S. § 25–215(D). Even though the parties were separated, the community continued to exist. *Rodieck v. Rodieck*, 9 Ariz.App. 213, 450 P.2d 725 (1969); *cf. Guerrero v. Guerrero*, 18 Ariz.App. 400, 502 P.2d 1077 (1972). Each party, therefore, still had the authority to bind the community. *See Croxson v. Croxson*, 130 Cal.App.2d 50, 277 P.2d 864 (1955). By not presenting any competent evidence to contradict the necessity of the operation, appellant failed to prove appellee was not acting for the benefit of the community at the time of her treatment. Thus, the presumption of the trial court finding the facts necessary to support its opinion must stand. *Porter v. Porter, supra*; *cf. Donato v. Fishburn*, 90 Ariz. 210, 367 P.2d 245 (1961); *Morgan v. Bruce*, 76 Ariz. 121, 259 P.2d 558 (1953).

Appellant also asserts the payment of the medical expenses was not requested in the

pleadings. Appellee's response to the petition for dissolution requested "that petitioner shall assume the community obligations of the parties." As noted above, appellant failed to prove the expenses were not community obligations, hence they were properly assigned in accordance with the pleadings.

■ The decree of dissolution provided: "\* \* \*

"10. \* \* \* petitioner shall pay any and all remaining medical bills incurred prior to October 21, 1975 that are in connection with Respondent's recent surgery and hospitalization.

"11. That each party shall be responsible for any and all debts he or she has incurred individually since October 9, 1974. \* \* \*"

We find no merit in appellant's allegation of inconsistency between these paragraphs which would require them to be set aside. It is a fundamental rule of construction that the decree must be read as a whole, so as to give effect to each word and part in order to effectuate the intention of the court. *Paxton v. McDonald*, 72 Ariz. 378, 236 P.2d 364 (1951). Read in this light, paragraph 11 merely assigns "any and all debts"—except for the medical bills previously disposed of by paragraph 10.

■ Finally, appellant questions the assignment of attorney's fees and $50 child support per child in addition to his payment of the medical bills.[2] So long as the trial court acts equitably, it is allowed great discretion in the apportionment of the community assets and obligations. *Spector v. Spector*, 17 Ariz.App. 221, 496 P.2d 864 (1972). Considering appellant's future earning ability, we do not find an abuse of discretion in assigning the medical, legal, and child support obligations to appellant.

■ Due to the superior court's unique position, it is able to weigh all of the nuances of a dissolution proceeding which may not appear in the printed record. Being cognizant of this, we will normally defer to its discretion in arriving at an equitable solution. However, the record must offer some reasonable evidence to support the judgment of the superior court. Based on the record before us, neither the award of spousal maintenance nor the court's failure to find a portion of appellant's retirement compensation to be his separate property can be sustained. A.R.S. § 25–319 is clear in its prerequisites for spousal maintenance. The only reasonable conclusion which may be reached from the record is these requirements were not met. Accordingly, the award of spousal maintenance was an abuse of discretion. Similarly, the portion of the retirement pay attributable to appellant's antenuptial efforts may not be disregarded in the division of property. In all other issues, appellant has failed to demonstrate any abuse of discretion.

Court of Appeals opinion No. 2 CA–CIV 2200, filed October 29, 1976 is vacated; the superior court's disposition of the military retirement compensation and the award of spousal maintenance is reversed and remanded for proceedings in accordance with this opinion. As to all other respects, the decree of the Superior Court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, J., concur.

HOLOHAN, Justice, concurring:

I concur in the result.

---

2. Due to CHAMPUS benefits available to appellant, the total debt is approximately $30.00.