NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

PATRICIA A. VOGUE, *Petitioner/Appellee,*

*v.*

REZA MALEKNIA, *Respondent/Appellant.*

No. 1 CA-CV 13-0735
FILED 12-23-2014

Appeal from the Superior Court in Maricopa County
No. FC2011-001674, FN2011-001498 (Consolidated)
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Becker Zarling & Moye Law, Avondale
By Gina M. Becker-Zarling
*Counsel for Petitioner/Appellee*

Tiffany & Bosco, P.A., Phoenix
By Leonard J. Mark, May Lu, Natalya Ter-Grigoryan
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

¶1 Reza Maleknia ("Husband") challenges a spousal maintenance order in the Decree dissolving his marriage to Patricia Vogue ("Wife"). He contends the family court abused its discretion by awarding Wife $3000 in monthly spousal maintenance until her death or remarriage. Finding no abuse of discretion, we affirm the award.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Husband and Wife married in 2004. At the beginning of their marriage, Husband was a medical resident and Wife was a full-time account executive for a mortgage company. When Wife served the petition for dissolution seven years later, Husband was a practicing physician and Wife was struggling with multiple sclerosis and had retired due to disability. One of the family court's temporary orders awarded Wife $3000 in monthly spousal maintenance.

¶3 Both parties testified at trial and submitted exhibits. They also entered an Arizona Rule of Family Law Procedure ("Rule") 69 agreement that resolved most issues but did not address spousal maintenance. Although Husband conceded Wife would never be able to return to work and was entitled to some spousal maintenance, he and Wife differed as to its appropriate amount and duration.

¶4 The family court found Wife qualified for spousal maintenance under Arizona Revised Statutes ("A.R.S.") section 25-319(A)(1) and (2) (2007). After considering and making findings on all factors in A.R.S. § 25-319(B), the court ordered Husband to pay Wife $3000 in monthly spousal maintenance until her death or remarriage. The court also held Wife was entitled to recover one-half of her attorneys' fees pursuant to A.R.S. § 25-324(A) (Supp. 2014).

¶5 The court's Decree, which did not specify the amount of attorneys' fees, contained Rule 78(B) language certifying it was final and

appealable. Husband appealed from the Decree, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2014).

**ANALYSIS**

I.      *Standards of Review*

**¶6**          Husband challenges the amount and duration of the spousal maintenance award. A family court retains "substantial discretion" to determine the amount and duration of spousal maintenance under A.R.S. § 25-319(B). *Rainwater v. Rainwater*, 177 Ariz. 500, 502, 869 P.2d 176, 178 (App. 1993). We will not disturb its rulings absent an abuse of discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (App. 1983). A court abuses its discretion when it commits an error of law in reaching a discretionary decision, reaches a conclusion without considering the evidence, commits another substantial error of law, or makes a finding lacking substantial evidentiary support. *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007). We will not set aside findings of fact unless they are clearly erroneous. *Berger*, 140 Ariz. at 161, 680 P.2d at 1222.

**¶7**          Because neither party requested findings of fact and conclusions of law pursuant to Rule 82(A), "we are constrained by the presumption that the Superior Court 'found every fact necessary to support the judgment, and such presumptive findings must be sustained if the evidence on any reasonable construction justified it.'" *Neal v. Neal*, 116 Ariz. 590, 592, 570 P.2d 758, 760 (1977) (citations omitted). Likewise, we view the evidence in the light most favorable to Wife, and will affirm if reasonable evidence supports the award. *See Cullum v. Cullum*, 215 Ariz. 352, 354-55, ¶¶ 9, 13, 160 P.3d 231, 233-34 (App. 2007) (viewing the evidence in the light most favorable to the wife and affirming the spousal maintenance award without requiring her to first "use up" her property); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14, 972 P.2d 676, 681 (App. 1998) (affirming lifetime spousal maintenance to a wife whose age and skill level precluded her from gaining employment adequate to support herself).

II.     *The Monthly Award of $3000 in Indefinite Spousal Maintenance*

A.      *Reasonable Evidence Supports the Amount Awarded.*

**¶8**          The family court determines the amount of spousal maintenance after balancing all relevant factors, including those enumerated in A.R.S. § 25-319(B). The court makes this evaluation on a case-by-case basis in light of the evidence presented, recognizing that some

of the factors may not apply. *Rainwater*, 177 Ariz. at 502, 869 P.2d at 178. Husband argues Wife's claimed monthly expenses totaling $6103 were unreasonable and the $3000 maintenance award was unsupported by the trial evidence. We disagree.

**¶9** Distilled to its essence, Husband's argument is that Wife is not entitled to a $3000 award which, combined with her other income, exceeds her "reasonable needs" of $3688 by approximately $2000. Our duty on review does not include re-weighing conflicting evidence; instead, we defer to the family court's resolution of such evidence and consider only whether reasonable evidence supports the family court's decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009); *accord Gutierrez*, 193 Ariz. at 347-48, ¶ 13, 972 P.2d at 680-81; *Hamilton v. Municipal Court*, 163 Ariz. 374, 378, 788 P.2d 107, 111 (App. 1989). Assessing the credibility of witnesses is also a task committed to the family court, *see Gutierrez*, 193 Ariz. at 347-48, ¶ 13, 972 P.2d at 680-81, and that court need not believe even the uncontradicted testimony of an interested witness. *See In re Estate of Wainola*, 79 Ariz. 342, 346, 289 P.2d 692, 695 (1955); *accord Hamilton*, 163 Ariz. at 377, 788 P.2d at 110.

**¶10** Husband, a physician, currently earns approximately $20,000 per month, and before her illness, Wife earned approximately $8000 to $9000 per month as a self-described "workaholic" mortgage executive. *See generally* A.R.S. § 25-319(B)(4)-(5), (9). Wife is now unable to work and facing substantial continuing medical bills. *See* A.R.S. § 25-319(B)(3), (9). Although Husband disputes the family court's characterization of their marital lifestyle as "elaborate," the parties' standard of living indisputably allowed them to maintain two separate apartments, in addition to a house, during the marriage. *See* A.R.S. § 25-319(B)(1). Also, notwithstanding their high earnings, the parties had no savings or retirement assets, a fact that would be consistent with a high rate of spending. *See id*.

**¶11** Wife supported Husband early in the nine-year (by the time of trial) marriage by paying the mortgage and assisting him with obtaining a "green card." *See* A.R.S. § 25-319(B)(2), (6). Husband did not dispute he subsequently obtained greater comparative resources and earning ability than Wife. His $20,000 monthly income substantially exceeds the $3000 per month awarded to Wife. *See* A.R.S. § 25-319(B)(4)-(5). Husband testified his monthly expenses totaled approximately $7400, which meant he still had $9600 left after paying $3000 in spousal support. At trial, Husband alluded to other expenses, such as malpractice insurance, continuing education, and billing expenses, but he never quantified the amounts.

4

¶12        Notwithstanding this evidence, Husband challenged Wife's claimed monthly expenses of $6103 and intimated she would qualify for more public assistance if the family court awarded less spousal maintenance.  Husband argues that, in view of the lack of evidentiary support for the family court's award, this court should vacate the ruling and award Wife $1000 per month for up to two years or remand the case for a new determination.

¶13        The Decree provides no specific calculation or explanation for the $3000 award, nor does it attempt to quantify Wife's reasonable expenses; however, A.R.S. § 25-319(B) does not require express findings on the factors to be considered in assessing the award's amount.  *See Elliott v. Elliott*, 165 Ariz. 128, 131 n.1, 796 P.2d 930, 933 n.1 (App. 1990).  And, given the parties' failure to request findings of fact and conclusions of law under Rule 82(A), we are constrained to assume the family court found every fact necessary to support its $3000 award.  *See Neal*, 116 Ariz. at 592, 570 P.2d at 760.  Husband, who did not object to the adequacy of the express findings in the family court, focuses his appellate arguments on whether substantial evidence supports the award and any implicit findings.

¶14        The record contains detailed testimony concerning Wife's expenses.  Wife testified she was receiving $1583 per month from Social Security and $1662 from private disability insurance benefits ($2162 minus a $500 monthly payment toward the balance owed to her disability attorney for the next five years).  Also, Wife's disabled brother was paying her $400 per month for room and board.  Wife spent $1295 per month in condo rent, and had expenses for food, medical co-payments, and approximately twelve different medications.  Wife testified she was struggling to keep up with her bills and had postponed urgent dental work because she lacked funds.

¶15        Husband claimed, however, that if Wife received only $1000 in monthly spousal maintenance, she would likely qualify for medical coverage through Medicare, which would cover some of her more expensive medicines like Copaxone.  After Wife started receiving $3000 in spousal maintenance under the temporary orders, her expenses for Copaxone, other medicines, and supplies totaled $505 per month.  Wife's testimony, however, indicated Husband's proposed "strategy" would likely not work because her physicians were switching her from Copaxone to Tecfidera, a medication with fewer side effects.  Tecfidera alone would cost Wife approximately $1500 for two months starting in January or February 2014, but ultimately would average out to approximately $400 per month.  More importantly, Wife had already inquired about receiving

medical insurance coverage for the new medicine but "there's not the same kind of support" as she had received for Copaxone. Husband did not testify otherwise. Thus, the evidence reasonably supported the family court's conclusions that it was unclear whether Wife would continue to receive the same level of public assistance and whether or when her private disability insurance payments would end.

**¶16** Husband also argued Wife could reduce her non-medical expenses for rent, cell phone service, and gasoline, among other items. Wife disputed the feasibility of such adjustments for rent and gas and did not admit any of the adjustments were reasonable in her case. The family court made no findings that Husband's suggested adjustments were reasonable, and we defer to its resolution of this conflicting evidence concerning Wife's expenses and needs.[1] *See Gutierrez*, 193 Ariz. at 347-48, ¶ 13, 972 P.2d at 680-81. Therefore, notwithstanding Husband's argument that Wife could and should reduce her expenses by almost forty percent, we affirm the family court's $3000 spousal maintenance award. The relevant standard of living for a spousal maintenance award is not a "minimum subsistence level." *Rainwater*, 177 Ariz. at 503, 869 P.2d at 179.

**¶17** Finally, Husband argues the $3000 award, combined with Wife's monthly income, exceeds her claimed monthly needs by approximately $500.[2] But Wife counters she will need that amount to

---

[1] Husband also argued Wife improperly claimed two expenses – an AARP insurance premium and monthly dental work payments - in her affidavit of financial information. Wife listed $250 for an AARP insurance premium even though she was not yet paying for that insurance, and will not qualify for such coverage until 2016. Wife testified she will purchase AARP insurance when she turns fifty years of age because, otherwise, her continuing medical expenses will be "through the roof." The family court may have allotted this amount toward Wife's anticipated expense when she applies for supplemental Medicare insurance in the near future. With respect to the dental work, Wife was entitled to claim $665 per month for this postponed expense, and in any event, the family court did not make findings as to whether these specific line items were reasonable and need be applied.

[2] Husband charges that the family court's award was punishment for his spousal maintenance arrearages on the temporary orders. This is speculation. Wife's attorney reminded the family court of its prior admonishment of Husband to pay support, but Husband never objected.

defray income taxes on her spousal maintenance and build up savings for her needs after age sixty-five, when her private disability benefits will terminate. These expenses support the award.

**¶18** Viewing the evidence in the light most favorable to Wife, we hold the family court did not abuse its discretion in ordering spousal maintenance of $3000 per month. Wife's progressing disease, significant medical expenses, lack of employability, and other statutory factors under A.R.S. § 25-319(B) all support the award. *See Schroeder v. Schroeder*, 161 Ariz. 316, 323, 778 P.2d 1212, 1219 (1989) (affirming an award of spousal maintenance for an indefinite term to a wife who had found only non-lucrative work and whose expenses had increased to include chemotherapy treatment for cancer).

### B. *Reasonable Evidence Supports the Award's Duration.*

**¶19** Husband also contends Wife was not entitled to receive spousal maintenance indefinitely and an award of no more than two years is sufficient to allow her to transition to a Medicare insurance program. A goal of spousal maintenance is to support the receiving spouse's transition to independence, if possible. *Rainwater*, 177 Ariz. at 503, 869 P.2d at 179. The family court has discretion to award indefinite maintenance, however, when it appears from the evidence that independence is unlikely to ever be achieved. *See id.* at 505, 869 P.2d at 181. On this record, the family court reasonably found Wife qualified for such an award. *See Schroeder*, 161 Ariz. at 323, 778 P.2d at 1219; *Leathers v. Leathers*, 216 Ariz. 374, 377, ¶ 12, 166 P.3d 929, 932 (App. 2007) (upholding spousal maintenance for an indefinite term in view of the wife's ongoing health concerns and other § 25-319(B) factors). Although Husband argues the indefinite award was inconsistent with the nature and "quality" of the marriage, and the wording of A.R.S. § 25-319(B) allows for the consideration of factors other than those enumerated in the

Consequently, Husband has waived the issue. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 203-04, ¶¶ 6-7, 119 P.3d 467, 470-71 (App. 2005).

Equally unavailing is Husband's argument that he never conceded an ability to pay spousal maintenance under A.R.S. § 25-319(B)(4). Even if true, other record evidence supported the family court's finding that Husband could pay the award. The $3000 award would be, as Wife argued, a "15 percent . . . hit" on Husband's income. Husband did not disagree with this characterization. There is no record support indicating the family court considered Husband's ability to pay a dispositive factor or misperceived the evidence.

statute, he cites no legal authority concerning the relevance of that factor. We consequently find this argument unavailing. *See generally Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 503, 851 P.2d 122, 128 (App. 1992); *see also* ARCAP 13(a)(6) (requiring the appellant to support contentions with citations to legal authorities).

### III. Attorneys' Fees and Costs on Appeal

**¶20** Both parties have requested attorneys' fees on appeal – Wife pursuant to A.R.S. § 25-324 and Husband pursuant to A.R.S. § 12-349 (Supp. 2014). Under A.R.S. § 25-324(A) and (C), we have discretion to award costs and expenses – including attorneys' fees - after considering the parties' financial resources and the reasonableness of their positions throughout the litigation. In assessing resources, a court should consider relevant factors, such as the degree of resource disparity between the parties, their ability to pay fees, the ratio of fees owed to the assets and/or income of each party, and similar matters. *Magee v. Magee*, 206 Ariz. 589, 592-93, ¶¶ 17-18, 81 P.3d 1048, 1051-52 (App. 2004). This court determines the reasonableness of the parties' positions under an objective standard. *In re Marriage of Williams*, 219 Ariz. 546, 548-49, ¶¶ 10-12, 200 P.3d 1043, 1045-46 (App. 2008).

**¶21** We have no reason to believe Wife's financial or other circumstances have improved, and Husband has unreasonably raised arguments on appeal he had not preserved in the family court. Accordingly, in the exercise of our discretion, we award Wife her taxable costs and an amount of reasonable attorneys' fees on appeal pursuant to A.R.S. § 25-324(A). This award is contingent upon Wife's compliance with ARCAP 21. Finding no basis for Husband's request for an award of attorneys' fees pursuant to A.R.S. § 12-349, we deny that request.

## CONCLUSION

**¶22**       Based on the foregoing analysis, we affirm the family court's spousal maintenance award.



Ruth A. Willingham · Clerk of the Court
FILED: gsh