NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CYNTHIA CARTER, *Petitioner/Appellee,*

*v.*

JAMES CARTER, *Respondent/Appellant.*

No. 1 CA-CV 18-0718 FC
FILED 9-24-2019

Appeal from the Superior Court in Yuma County
No. S1400DO201601684
The Honorable Stephen J. Rouff, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

S. Alan Cook, P.C., Phoenix
*Counsel for Respondent/Appellant*

Owens & Perkins, P.C., Scottsdale
By Lisa Whalen Bleich
*Co-Counsel for Petitioner/Appellee*

Cantor Law Group PLLC, Phoenix
By Michael A. Alvarez
*Co-Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

¶1            James Carter ("Husband") appeals from the provisions in a decree of dissolution regarding spousal maintenance and the division of community debt.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            Husband and Cynthia Carter ("Wife") were married in 1985. In December 2016, Wife filed a petition for legal separation of marriage without minor children.  Husband responded and counter petitioned for dissolution of marriage.  Following trial, the superior court entered a decree of dissolution of marriage.  As relevant to this appeal, the decree: (1) ordered Husband to pay Wife spousal maintenance in the amount of $2,500 per month until she dies or remarries; and (2) ordered Husband to pay the community's 2016 income tax debt.

¶3            Husband timely appealed from the decree.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

### DISCUSSION

### I.     Spousal Maintenance

¶4            The superior court has substantial discretion to establish the amount and duration of spousal maintenance, although it must do so within the framework of A.R.S. § 25-319.  *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).  This court reviews an award of spousal maintenance for an abuse of discretion and will affirm if there is reasonable evidence to support it.  *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014).

¶5            On appeal, Husband argues the $2,500 monthly spousal maintenance obligation is error because it will require him to pay more than 50% of his normal weekly take-home pay and work many hours of overtime in order to make the payments.  He further argues that the superior court

was "required to consider the 13 factors set out in A.R.S. § 25-319(B)" and "did not even address" seven of the factors.

¶6 Husband's second claim is without merit. The superior court must *consider* the A.R.S. § 25-319(B) factors before awarding spousal maintenance, but not every factor is relevant in every case and the court is not required to make written findings as to each factor unless requested by the parties. *Elliot v. Elliot,* 165 Ariz. 128, 131 n.1 (App. 1990); *see also* Ariz. R. Fam. Law. P. 82(A). Neither party requested written findings. Although the order making the maintenance award only explicitly addressed six of the thirteen factors in A.R.S. 25-319(B), the court's written order expressly cited to the statute, highlighted the factors it considered "key" in determining the amount of spousal maintenance, and stated that the omitted factors did not have "significant relevance" in the case. On this record, Husband has not shown the superior court failed to consider the required factors in determining the amount of spousal maintenance.

¶7 As to Husband's challenge to the amount of the award, this court must "affirm the judgment if there is any reasonable evidence to support it." *Helland,* 236 Ariz. at 202, ¶ 22. The relevant factors cited in the order are the duration of the marriage, the standard of living during the marriage, and the substantial superiority of the earning ability of Husband. A.R.S. § 25-319(B)(1)-(3). Husband argues that the superior court abused its discretion by unreasonably, and thus improperly, applying the evidence to these factors. We disagree.

¶8 Ample evidence supports each of the factors considered by the superior court – the parties, were married for thirty years, Wife's health insurance and healthcare expenses will drastically increase on termination of the marriage, and Husband had greater earning ability. Evidence was presented that Wife will lose the health insurance provided by Husband's employer, and new insurance premiums and uncovered medical expenses will be more than $3,000 per month ($761 per week) for 18-36 months, and $2,500 per month afterwards. The record also supports the substantial disparity in earning ability. Wife's annual income was $23,813 in 2015, and $38,130 in 2017. Husband's annual earnings were $124,000 in 2015, $126,000 in 2016 and $132,000 in 2017. Moreover, the superior court recognized that Wife has a terminal illness that will compromise her earning ability (and her ability to work at all) in the near future. It found that Wife's "ability is grim to continue earning" at her current level and "her inability to work at all in the near future is a reasonable assumption." On this record, the superior court considered the appropriate factors and reasonable evidence supports the court's factual findings.

¶9            Husband further argues that the superior court's spousal maintenance award should be reversed because it requires him to work "enormous overtime" hours.  Husband claims the Arizona Child Support Guidelines support his position regarding overtime and "should be instructive" in calculating spousal maintenance.  However, "'[c]hild support and [spousal] maintenance are considered under different laws,' and awards for both 'involve distinct considerations.'" *Brinstihl v. Brinstihl*, 243 Ariz. 588, 593, ¶ 18 n.2 (App. 2018) (alteration in original) (quoting *Sherman v. Sherman*, 241 Ariz. 110, 115, ¶ 18 n.1 (App. 2016) and *Elliott*, 165 Ariz. at 137).  The superior court considered the statutory factors for spousal maintenance, found that Husband consistently earned substantial overtime, and found it would be "unreasonable" to omit overtime compensation from his income.  This finding is supported by the payroll evidence presented at trial.  The superior court did not abuse its discretion.

## II.      2016 Income Taxes

¶10            The trial court has broad discretion in apportioning community property and debt between parties at dissolution, and we will not disturb its allocation absent an abuse discretion.  *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).  In reviewing the superior court's division of property at dissolution, we consider the evidence in the light most favorable to upholding the trial court's ruling and will sustain the ruling if it is reasonably supported by the evidence.  *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

¶11            Following trial, as a part of the division of property, the superior court ordered Husband to pay the entirety of the parties' 2016 federal income tax debt. On appeal, Husband argues that the superior court erred by improperly basing its order on Husband's greater ability to pay.  Husband also argues the decision is inequitable because it attributes a community debt entirely to him.

¶12            Husband's first argument is without merit. In determining an equitable division, the court has broad discretion in the specific allocation of individual assets and liabilities.  *Flower v. Flower*, 223 Ariz. 531, 535, ¶14 (App. 2010).  In addition to the statutorily enumerated factors under A.R.S. § 25-318(B), a court has the authority to consider any equitable factors that bear upon the outcome of an equitable division.  *See Toth v. Toth*, 190 Ariz. 218, 222 (1997); *see also Inboden v. Inboden,* 223 Ariz. 542, 546, ¶ 14 (App. 2010) ("But a court is not limited to considering these statutory factors; instead, any other factors that bear on the equities of a case may properly be considered.").

¶ 13 A party's ability to pay a debt bears upon an equitable division of that debt. *See Neal v. Neal,* 116 Ariz. 590, 594 (1977) (approving consideration of "future earning ability" in the apportionment of community obligations). The superior court found that Husband accounted for approximately 60% of the parties' combined monthly gross income. Reasonable evidence, *supra* ¶ 8, supported that decision, meaning the court did not abuse its discretion.

¶14 Husband's claim that the order is inequitable is similarly without merit. When dividing community property at dissolution, the trial court must divide the property and debts "equitably, though not necessarily in kind." A.R.S. § 25-318(A). An equitable distribution of property need not be exactly equal "but must result in substantial equality." *Miller v. Miller*, 140 Ariz. 520, 522 (App. 1984). Here, the parties do not dispute that the court made an equal distribution of the parties' proceeds from the sale of their community firearms, the 401(k) plan, the employee pension, and the Pacific Coast retirement asset. Therefore, taken as a whole, the division remains substantially equitable between the parties and the superior court did not abuse its discretion in ordering Husband to pay the 2016 federal tax debt.

## III. Attorney's Fees

¶15 Both parties have requested attorney's fees and costs on appeal. After consideration of the parties' positions and economic resources, we deny the Husband's request and grant Wife's request pursuant to A.R.S. § 25-324 in an amount to be determined upon compliance with Arizona Rules of Civil Appellate Procedure 21. Wife also is awarded her taxable costs on appeal upon compliance with Arizona Rules of Civil Appellate Procedure 21.

## CONCLUSION

¶16 For the foregoing reasons, we affirm the superior court's ruling and grant Wife's request for attorney's fees.

