NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

ROBERT WAYNE MANN,
*Petitioner/Appellant*,

v.

GINGER IRENE HESTER,
*Respondent/Appellee*.

No. 1 CA-CV 21-0427 FC
FILED 3-22-2022

Appeal from the Superior Court in Maricopa County
No.  FC2020-094531
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Petitioner/Appellant*

Ginger Irene Hester, Queen Creek
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Robert Mann ("Husband") appeals from a decree of dissolution, contesting the family court's calculation of Ginger Hester's[1] ("Wife") income and corresponding decision not to award spousal maintenance.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Wife were married for almost 21 years when Husband filed for divorce in 2020.  The parties have one minor child ("Child").  Separately, Wife has two adult children.  Before the divorce, Husband suffered a stroke that left him disabled.  At trial in May 2021, the family court heard testimony from Husband and Wife.

¶3        Husband sought indefinite spousal maintenance from Wife. Husband testified that he is unable to work, lives off Social Security disability income while staying with his mother, and believes Wife could afford to pay "$2,000 a month in spousal maintenance."

¶4        Wife works in real estate as a property manager.  Her financial affidavit stated an average gross monthly income of $3,985, including $970 per month in Social Security benefits received for Child due to Husband's disability.  Wife testified that she lacked the income to meet her needs and that she was living off an inheritance from her deceased father.  The inheritance consisted of approximately $83,000 and a house, divided between Wife and her brother.

¶5        The court admitted Wife's 2019 tax return, showing a gross income of $37,400.  Other demonstrative exhibits showed Wife's gross income in 2020 was $61,880.21 and her income for the first four months of 2021 was $17,700.  Wife explained that she had higher income in 2020 and 2021 because she earned commissions on the sale of some of her clients'

---

[1]        The family court granted Wife's request to be restored to her former name, we therefore amend the caption to reflect the name change.

properties, but the sales reduced her future income stream. She also sold the parties' house, earning them each about $66,000.

¶6        The court took the matter under advisement and issued a decision in May 2021. After balancing the statutory factors in A.R.S. § 25-319, the court found that Husband "established a statutory basis for entitlement to an award of spousal maintenance" but Wife "is not capable of paying spousal maintenance" and did not award spousal maintenance.

¶7        Husband appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8        Spousal maintenance awards are reviewed for an abuse of discretion. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007). We view the evidence "in the light most favorable to upholding the trial court's decision" and will affirm unless the record is "'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)). When, as here, neither party requested findings of fact or conclusions of law before trial, *see* Ariz. R. Fam. Law P. 82(a), we presume that the family court "found every fact necessary to support the judgment" and will affirm if any reasonable construction of the evidence justifies the decision, *Neal v. Neal*, 116 Ariz. 590, 592 (1977) (citation omitted).

¶9        The amount and duration of spousal maintenance is determined pursuant to A.R.S. § 25-319(B). The family court must consider thirteen factors, including the "ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance." A.R.S. § 25-319(B)(4). Here, the court considered all the factors and found, in part, that Wife "does not have the means to pay her monthly expenses, which includes providing for the parties' child, and contribute to [Husband's] financial needs." Husband disputes this finding.

¶10        Husband first argues the court failed to address the Child's Social Security benefits and that those benefits were three times Husband's statutory child support obligation. The court did not order Husband to pay any child support, but found the disability benefits "exceeds any monthly child support obligation Father would be required to pay." The court did not specifically make a finding regarding Wife's income, other than the $3,985 per month used on its Child Support Worksheet. According to Wife's testimony, that amount includes the Social Security payments.

Husband points to nothing in the record to show that the court did not consider the Social Security payments when determining Wife's ability to pay spousal maintenance.[2] *See Fuentes v. Fuentes*, 209 Ariz. 51, 55, ¶ 18 (App. 2004) (as amended) (noting "evidence is presumed to have been fully considered by the court prior to issuing its decision").

**¶11**      Husband also argues the court should have considered Wife's inheritance as income. The court found the inheritance was a gift and Wife's sole and separate property. Contrary to Husband's assertion, the record does not support that disbursement of the inheritance was a "regular and continuous" gift. *Cf. Cummings v. Cummings*, 182 Ariz. 383, 384 (App. 1994) (holding that mother's receipt of "$2,400 a month from her parents on a regular basis as a gift" supported a change in child support obligation). Although the inheritance was certainly an asset the for the court to consider when determining whether Wife could meet her needs, Wife testified that the inheritance was split between her and her brother and had been depleted by the time of trial to "pay the bills."

**¶12**      Finally, Husband begrudges Wife the use of some of the inheritance for the benefit of her adult children, and notes that she inherited half of her father's house. But Father does not challenge Wife's expenses estimate. Wife's affidavit of financial information estimates $6,170 in monthly expenses and, like "butter that has been scraped over too much bread,"[3] the court could reasonably conclude Wife's income could not be stretched to meet her and the Child's needs. Even if Wife had kept the full inheritance funds, the court could still reasonably find the inheritance insufficient to allow Wife to support herself, the Child, and Husband indefinitely. *See Wineinger v. Wineinger*, 137 Ariz. 194, 197-98 (App. 1983) (concluding spouse did not possess sufficient property, under A.R.S. § 25-319(A)(2), because she would be required to consume an investment's principal and interest until "there would be nothing left upon which she could draw").

---

[2]    We express no opinion on whether a child's Social Security benefits qualify as a parent's "income" for spousal maintenance purposes. *But see Hamblen v. Hamblen*, 203 Ariz. 342, 345-46, ¶¶ 14, 22 (App. 2002) (prohibiting use of adoption subsidy to offset child support obligation, in part, because the subsidy belongs to the child).

[3]    J.R.R. Tolkien, *The Fellowship of the Ring* 58 (Ballantine Books 1965).

¶13          Viewed in the light most favorable to affirming the family court's order, *Little*, 193 Ariz. at 520, ¶ 5; *Neal*, 116 Ariz. at 592, we find no abuse of direction.

## CONCLUSION

¶14          We affirm.  We also deny Husband his request for attorney fees and costs.



AMY M. WOOD • Clerk of the Court
FILED:      AA