NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO H.B.

No. 1 CA-JV 25-0180

FILED 05-26-2026

---

Appeal from the Superior Court in Maricopa County
No. JS520869
The Honorable David J. Palmer, Judge

**AFFIRMED**

---

COUNSEL

The Law Offices of Robert Casey, Phoenix
By Robert Ian Casey
*Counsel for Appellant*

Barreda Law, PLLC, Gilbert
By Bonnie Platter
*Counsel for Appellee*

Law Office of Joseph Ramiro-Shanahan PLLC, Scottsdale
By Jessica Elizabeth Strain
*Counsel for Appellee Child, H.B.*

---

**MEMORANDUM DECISION**

---

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

---

**G A O N A**, Judge:

**¶1**        Cheyenne B. ("Mother") appeals the juvenile court's order terminating her parental rights to H.B. Mother doesn't challenge the juvenile court's legal conclusions that Kyle F. ("Father") proved a statutory ground for termination and that termination was in H.B.'s best interest. She also doesn't challenge the sufficiency of the evidence supporting those findings. She argues only that we should reverse because the juvenile court: (1) violated Arizona Rule of Procedure for the Juvenile Court 353 by not "identif[ying] the ultimate facts supporting its legal conclusions"; and (2) relied on an erroneous factual finding.

**¶2**        Neither argument convinces. The juvenile court's order contains sufficient factual findings to support the termination of Mother's parental rights. And although that order included one erroneous factual finding, its inclusion was harmless. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶3**        We view the facts in the light most favorable to upholding the juvenile court's order. *See Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 479 ¶ 32 (2023).

**¶4**        Mother and Father are the biological parents of H.B., born in 2019. Mother is also the biological parent of H.B.'s sibling, born a few years after H.B. ("Sibling").

**¶5**        Sibling died in July 2023; the autopsy identified injuries to Sibling's head, torso, genitals, and abdomen. Maricopa County's medical examiner concluded a probable febrile seizure from respiratory viruses caused Sibling's death. Gilbert Police and the Arizona Department of Child Safety ("DCS") investigated, and Mother gave differing accounts to friends and family about when and how Sibling died.

**¶6**        After taking emergency custody of H.B., Father filed a petition seeking to terminate Mother's parental rights to H.B. He alleged

that Mother: (1) neglected to protect H.B. and Sibling resulting in Sibling's death; (2) lacked capacity to protect H.B.; and (3) had a history of drug and alcohol abuse.

**¶7**　　　　The juvenile court held a contested termination hearing over eight days. It heard testimony from law enforcement, Maricopa County's medical examiner, a private medical expert, Mother, Mother's then-boyfriend (now her husband) Bailey, and Father. The juvenile court also admitted various exhibits, including the investigation reports completed by Gilbert Police and DCS regarding Sibling's death, and an expert witness report on the cause of Sibling's injuries and death.

**¶8**　　　　After considering all the evidence, the juvenile court issued a written order terminating Mother's parental rights to H.B. It found Father proved abuse or neglect of H.B. under A.R.S. § 8-533(B)(2) by clear and convincing evidence and that termination was in H.B.'s best interests by a preponderance of the evidence.

**¶9**　　　　Mother timely appealed. We have jurisdiction under A.R.S. § 8-235.

## DISCUSSION

**¶10**　　　　On appeal, Mother contends we should reverse because the juvenile court violated Rule 353 by failing to include adequate written factual findings supporting termination and erred by relying on an erroneous fact.

### I.　　　　**We Consider Mother's Rule 353 Argument on the Merits.**

**¶11**　　　　Father first argues Mother waived her Rule 353 challenge by raising it for the first time on appeal.

**¶12**　　　　We generally consider issues not raised in the juvenile court as waived, "but the decision to find waiver is discretionary." *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536 ¶ 9 (App. 2018). Because of the fundamental liberty interest at stake in a termination case, we exercise our discretion to address the merits of Mother's Rule 353 argument. *See Santosky v. Kramer*, 455 U.S. 745, 759 (1982).

### II.　　　　**The Juvenile Court's Findings of Fact Satisfy Rule 353.**

**¶13**　　　　Mother doesn't challenge the sufficiency of the evidence supporting termination. She argues instead that the juvenile court violated

Rule 353 by issuing conclusory findings without identifying supporting facts.

¶14 Whether a termination order includes sufficient written findings of fact is a legal question we review de novo. *See Logan B.*, 244 Ariz. at 536 ¶ 11; *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240 ¶ 20 (App. 2012). To terminate parental rights, the juvenile court must find at least one statutory ground by clear and convincing evidence and that termination is in the child's best interests by a preponderance of the evidence. *Brionna J.*, 255 Ariz. at 474 ¶ 1; A.R.S. § 8-533. If the petitioner meets that burden, the court must enter written findings supporting its ruling. A.R.S. § 8-538(A); Ariz. R.P. Juv. Ct. 353.

¶15 Rule 353 requires the juvenile court to "make specific findings of fact in support of the termination of parental rights." Ariz. R.P. Juv. Ct. 353(h)(2)(A). Those findings suffice if they permit meaningful appellate review by identifying at least one factual finding supporting each legal conclusion. *See Logan B.*, 244 Ariz. at 537 ¶ 14; *Ruben M.*, 230 Ariz. at 240 ¶ 24. The relevant question is thus whether the juvenile court's order identifies the "ultimate facts" and allows us to determine what that court decided and whether it correctly applied the law. *Ruben M.*, 230 Ariz. at 241 ¶ 25. The order here meets that standard.

¶16 The juvenile court's order features several pages of factual findings supporting its findings of abuse or neglect under A.R.S. § 8-533(B)(2) and that termination was in H.B.'s best interests. In sum, it found: (1) Sibling suffered repeated and serious injuries while in Mother's care; (2) Mother's explanations for Sibling's injuries and death were inconsistent and unsupported; (3) Mother (and Bailey) failed to protect Sibling and H.B. and continued exposing them to unsafe conditions; (4) Mother failed to recognize and respond to threats to both children's safety; and (5) H.B. was safe only because Father had custody and Mother's contact was limited and supervised.

¶17 As to the statutory ground under A.R.S. § 8-533(B)(2), the court found that Sibling was abused and neglected while in Mother's care, including exposure to multiple unsafe caregivers resulting in significant injuries and ultimately in Sibling's death. It also found that Mother failed to protect Sibling and that H.B. was at risk of abuse if placed in Mother's care.

**¶18** As to best interests, the juvenile court found that termination was in H.B.'s best interests because of Mother's long history of failing to care for and protect her children and the circumstances of Sibling's death.

**¶19** Read in isolation, some of the juvenile court's conclusions may appear brief. But reading those conclusions together with the extensive written factual findings (as we must) leaves no doubt about the basis for termination. *See, e.g.*, *Neal v. Neal*, 116 Ariz. 590, 594 (1977) ("It is a fundamental rule of construction that the decree must be read as a whole, so as to give effect to each word and part in order to effectuate the intention of the court."). Rule 353 requires findings sufficient to permit meaningful review, not a separate factual paragraph keyed to each legal conclusion. And even if the juvenile court's order doesn't expressly articulate a particular finding, we look to the record to determine whether it supports implicit findings necessary to sustain the ruling. *Mary Lou C. v. Arizona Dep't of Econ. Sec.*, 207 Ariz. 43, 50 ¶ 17 (App. 2004). The record here does, and the juvenile court's order thus satisfies Rule 353's requirements.

### III. The Juvenile Court's Mistaken Reference to Grand Jury Testimony Was Harmless Error.

**¶20** Mother also argues the juvenile court committed error requiring vacatur by referencing testimony before a grand jury that didn't occur.

**¶21** We review the juvenile court's factual findings for clear error. *Raymond F. v. Arizona Dep't of Econ. Sec.*, 224 Ariz. 373, 376 ¶ 13 (App. 2010). We will affirm if reasonable evidence supports the ruling, *id.*, even where a finding is mistaken, so long as the record permits us to conclude the court would've reached the same result absent the error. *See id.*; *Alice M. v. Dep't of Child Safety*, 237 Ariz. 70, 73 ¶ 12 (App. 2015).

**¶22** The juvenile court's written ruling contains ample support for termination independent of the erroneous grand-jury reference. So does the record. Mother doesn't challenge the sufficiency of the evidence or the legal basis for termination. She thus waived any challenge to those grounds. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577–78 ¶ 5 (App. 2017). And nothing in the juvenile court's order suggests that the grand-jury reference was in any way dispositive of the court's legal conclusions. Any error was thus harmless.

**CONCLUSION**

**¶23** We affirm the juvenile court's order terminating Mother's parental rights to H.B.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR